KATHLEIN McCANN CHUDNOFSKY, Plaintiff Below, Appellant, v. MARY W. EDWARDS, Defendant Below, Appellee.

*(March* 15, 1965)

WOLCOTT, Chief Justice, and CAREY and HERRMANN, JJ., sitting.

*Henry A. Wise, Jr.,* for plaintiff.

*Robert V. Huber,* for defendant.

Supreme Court of the State of Delaware, No. 78, 1964.

HERRMANN, Justice:

This is an action arising from an automobile accident. The ultimate question for decision on this appeal is whether there was sufficient evidence to support a conclusion by the trial judge, sitting without a jury, that the negligence of the plaintiff was a proximate cause of the collision.

The action was originally brought by John W. Manness against Kathlein McCann Chudnofsky and Mary W. Edwards. A cross-claim was brought by Mrs. Chudnofsky against Mrs. Edwards. Ultimately, Manness withdrew from the case and the litigation proceeded on the cross-claim with Mrs. Chudnofsky treated as plaintiff and Mrs. Edwards as defendant in the court below and in this court.

The plaintiff's claims against the defendant for personal injuries and property damage were heard by the trial court sitting without a jury. The basic facts found by the trial court are these: The accident was a right-angle intersectional collision which occurred at 10th and Spruce Streets in Wilmington on January 7, 1961 at about 1:00 A.M. The plaintiff was traveling south on Spruce Street and the defendant was traveling east on 10th Street, both being one-way streets in those directions of travel. There were flashing signal lights at the intersection,

a red light governing traffic on 10th Street and a yellow light governing traffic on Spruce Street. The flashing lights replaced the ordinary, alternating red and green traffic signals which controlled the intersection until about midnight. After the collision, the defendant's automobile continued easterly on 10th Street, struck the parked Manness automobile and came to rest facing north on 10th Street, about 25 feet east of the easterly curb line of Spruce Street. The plaintiff's automobile came to rest near the defendant's vehicle with its front end pointing toward the middle of the driver's side.

There were no witnesses to the accident except the two drivers. Each testified that she did not see the other until the moment of the collision. The plaintiff stated that she came to a complete stop on Spruce Street north of the intersection; that she was traveling at a speed of about 5 miles per hour at the time she began to enter the intersection; that she looked west on 10th Street but saw no car approaching or stopped at the intersection; that she did not observe the defendant's automobile until she saw it out of the corner of her eye when it was almost immediately in her path. The plaintiff's automobile was damaged in the front and the defendant's in the driver's side.

The trial court found that both the defendant and the plaintiff were negligent in that both failed to keep a proper lookout. The trial court stated:

"It is clear from the evidence that this plaintiff failed to maintain a lookout that was proper under the circumstances. I believe defendant did have her lights on and that if plaintiff had looked as she was required to do, she would have seen defendant's car before she did. Furthermore, if she was traveling at a speed as slow as she indicated, she should have been able to stop her car in a very short distance. Even though plaintiff was on the favored street and could ordinarily rely on a vehicle approaching her right stopping as is required by the flashing red light, yet if the circumstances indicate that the approaching vehicle will not stop, then a duty arises on her part to avoid the accident if she can. Clearly, a driver who fails to maintain a proper lookout cannot determine whether a vehicle that is stopped will prematurely enter the

intersection. See *Carnes v. Winslow,* Supreme Ct. Del. 182 A.2d 19."

The trial court accordingly entered judgment for the defendant. The plaintiff appeals.

The plaintiff contends that the trial court failed to find expressly that her negligence was a proximate cause of the accident and that, as a matter of fact and law, there was no evidence upon which the court properly could make such finding.

The trial court's opinion, setting forth its findings and conclusions upon the trial of the cause, is silent on the subject of proximate cause, both as to the defendant's negligence and the plaintiff's negligence. It would have been preferable, of course, if the trial court's expressed finding of negligence on the part of the plaintiff had been combined with an explicit finding of proximate cause in the usual way, particularly after the matter had been called to the trial court's attention by the plaintiff upon motion for reargument and new trial. However, a finding of proximate causation is implicit in the trial court's final conclusion and judgment and we find no prejudicial error in the failure to spell out the element of proximate cause in the written opinion. In the final analysis, the trial court might have announced its verdict in jury fashion, without stating any of the details of its findings or conclusions. It follows that the failure of the trial court to complete its line of reasoning in writing is not harmful.

The only question of substance before us is whether there was sufficient evidence to sustain the trial court's conclusion that the plaintiff's negligence was a proximate cause of the accident.

The findings of the trial court, sitting as the trier of the facts, will not be disturbed if supported by sufficient evidence. *Bertrand v. Hill,* Del., 173 A.2d 615 (1961); Del. Const. Art. 4, Sec. 11(1), (2) and (4), *Del. C.;* compare *Turner v. Vineyard,* 7 Terry 138, 46 Del. 138, 80 A.2d 177 (1951). The plaintiff concedes the application of this rule as to the finding of her negligence. The plaintiff's argument is limited to

the proximate cause facet of the case and is substantially this: Assuming that the defendant came to a stop at the intersection as she testified, there was nothing to warn the plaintiff of any danger before the defendant's car began to move from the stopped position; that there is no evidence to show that, from the time the defendant moved from such stopped position to the moment of impact, the plaintiff could have stopped and it was speculation for the court to so find; that there is no evidence to show that, if the plaintiff had maintained a proper lookout, she could have seen that the defendant was not going to yield the right of way in time for the plaintiff to take any action to avoid the accident; and that, therefore, the requisite causal connection between the plaintiff's negligence and the accident is lacking.

The crux of the argument is that there is no competent evidence to support the trial court's finding that the plaintiff should have been able to stop in time to avoid the accident if she had kept a proper lookout. The plaintiff deplores, particularly, the absence of evidence such as average stopping times and distances, average reaction times, and the like.

There are two fallacies in the plaintiff's position. One is that a finding of fact by the trial court must be premised upon direct evidence. A finding may be based upon inference, of course, so long as there is competent evidence from which the inference may be fairly and reasonably deduced. In this connection, in determining whether the trial court's finding of the plaintiff's contributory negligence has evidentiary support, we consider the evidence most favorable to the defendant. *Turner v. Vineyard,* supra.

The second fallacy of the plaintiff's argument arises from her attempted modification of our time-honored definition of proximate cause. Most simply stated, proximate cause is that direct cause without which the accident would not have occurred. More fully stated, it is to be determined, on the facts, upon mixed considerations of logic, common sense, justice, policy and precedent. *Island Express v. Frederick,* 5 W.W. Harr. 569, 171 A. 181 (1934); *McKeon v. Goldstein,*

3 Storey 24, 164 A. 2d 260 (1960). Implicit in the trial court's conclusion is the finding that the accident would not have occurred if the plaintiff had kept a proper lookout. We think that the finding is warranted, under the facts, upon considerations of logic and common sense as well as justice and precedent.

█ The trial court found, in effect, that if the plaintiff had maintained a proper lookout for the defendant's automobile, she might have been able to save unto herself that inch which makes the difference between a hit and a miss in this kind of situation. We think such finding was justified under the evidence. The record supports the conclusion that if the plaintiff had kept a proper lookout, she would have realized a second or two before she did that the defendant's automobile would cross her path, in which case she would have instinctively checked her speed and might well have avoided the collision.

The case of *Carnes v. Winslow,* Del., 182 A.2d 19 (1962) is controlling. There, in almost a paraphrase of the plaintiff's contentions here, it was contended that the favored driver, even if he had looked and had seen the unfavored driver approaching the intersection, had the right to assume that the latter would stop at the stop sign; and that no danger actually existed until the latter went through the stop sign when it was too late for the favored driver to avoid the accident. We there held that the question of proximate cause, as to the negligence of the favored driver, was for the trier of fact. We so hold here.

Worthy of brief comment are *Williams v. Chittick,* 1 Storey 122, 51 Del. 122, 139 A.2d 375 (1958) and three recent Maryland cases cited by the plaintiff: *Schwartz v. Price,* 215 Md. 43, 136 A.2d 749 (1957); *Zeamer v. Reeves,* 225 Md. 526, 171 A.2d 488 (1961); and *Schwiegerath v. Berger,* Md., 205 A.2d 290 (1964). In those cases, the Court of Appeals of Maryland held that the driver of the favored vehicle is entitled to assume that an unfavored vehicle will yield the right of way and it is immaterial that the favored driver did not see the unfavored driver; that a failure to see on the part of the favored driver does not establish a causal connection when, if he had seen the

unfavored vehicle before it entered the intersection, he could have properly assumed that it would remain in a place of safety and yield the right of way as the law required.

The cited Maryland cases differ from the instant case as the Carnes case differs from the Chittick case distinguished therein. Unlike the instant case in which the favored driver was faced with a flashing yellow signal, in neither the Chittick case nor the Maryland cases was there warning to the favored driver of danger likely to occur at the intersection. In any event, as appears from the Chittick and Carnes cases, we charge the favored driver with a greater duty of care than that stated in the cited Maryland cases. *Cf. Green v. Zile,* 225 Md. 339, 170 A.2d 753 (1961).

We conclude that the evidence is sufficient to sustain a finding that the plaintiff's negligence was a proximate cause of the accident. The judgment below is affirmed.