**Howard E. SWEETMAN, Joanne E. Sweetman, and Joseph J. Swiatek, Plaintiffs,**

v.

**STRESCON INDUSTRIES, INC., Joseph Fabi, Inc., and Krapf & Sons, Inc., Defendants.**

Superior Court of Delaware, New Castle.

Submitted May 11, 1978.

Decided July 6, 1978.

Harvey B. Rubenstein, Wilmington, for plaintiffs.

B. Wilson Redfearn and Bayard J. Snyder, of Tybout & Redfearn, Wilmington, for defendant Strescon.

William F. Taylor and Sydney R. Chirlin, of Young, Conaway, Stargatt & Taylor, Wilmington, for defendant Joseph Fabi, Inc.

Richard A. Cohen and Wayne N. Elliott, of Prickett, Ward, Burt & Sanders, Wilmington, for defendant Krapf & Sons, Inc.

TAYLOR, Judge.

Plaintiffs Howard E. Sweetman and Joseph J. Swiatek [plaintiffs] were injured while working as employees of Sea-View Window Company, Inc. during the construction of a building at 7th and Walnut Streets, Wilmington, Delaware. The inju-

ries occurred when prefabricated concrete floor planks which were being put in place on prefabricated beams fell.

Defendants are Krapf & Sons, Inc. [Krapf], the general contractor, Strescon Industries, Inc. [Strescon], sub-contractor for providing and erecting the structure of the building, including the beams and planks, and Joseph Fabi, Inc. [Fabi], sub-contractor under Strescon which was erecting the beams and laying the planks which were involved in this accident.

## I. INDEMNIFICATION OF STRESCON BY FABI

Defendant Strescon has moved for summary judgment with respect to defendant Fabi on the basis that Fabi agreed to indemnify Strescon.[1]

■ The thrust of the Delaware decisions is that in order for a party to be entitled to indemnification for the results of its own negligence the contract language must be crystal clear or sufficiently unequivocal to show that the contracting party intended to indemnify the indemnitee for the indemnitee's own negligence. *State v. Interstate Amiesite Corporation*, Del.Supr., 297 A.2d 41 (1972); *Powell v. Interstate Vendaway, Inc.*, Del.Super., 300 A.2d 241 (1972); *Warburton v. Phoenix Steel Corporation*, Del. Super., 321 A.2d 345 (1974), aff'd. *Noble J. Dick, Inc. v. Warburton*, Del.Supr., 334 A.2d 225 (1975); *J. A. Jones Const. Co. v. City of Dover*, Del.Super., 372 A.2d 540 (1977).

■ The clause in this contract indemnifies Strescon against claims for damage or loss "caused in whole or in part by any negligent act or omission of the subcontractor [Fabi] or anyone directly or indirectly employed by [Fabi] or anyone for whose acts [Fabi] may be liable, regardless of whether it is caused in part by [Strescon]."

1. The clause in the contract reads:
"The subcontractor shall indemnify and hold harmless the contractor and all of his agents and employees from and against all claims, damages, losses and expenses including attorneys' fees arising out of or resulting from the performance of the subcontractor's work under the subcontract provided that any such claim, damage, loss or expense (a) is attributable to bodily injury, sickness, disease or

It is noted that this language focuses on negligence of Fabi. It does not mention negligence of Strescon. It does contemplate the situation where the negligent act or omission of Fabi might be caused in part by Strescon. Causation and negligence are not, of course, co-extensive. While causation may encompass negligent acts or omissions, it also covers matters which do not fall within the concept of negligence.

■ Under the decisions cited above, the test is not whether the indemnification language was broad enough to cover negligence of the indemnitee. In all of the cited cases that breadth existed. The test is whether the contract language specifically focussed attention on the fact that by the agreement the indemnitor was assuming liability for the indemnitee's own negligence.

■ Since the language by which Fabi agreed to indemnify Strescon makes no reference to protection of Strescon against negligence or fault of Strescon, under the Delaware test Strescon is not entitled to be indemnified by Fabi for Strescon's negligence. To the extent that the claim against Strescon rests upon Strescon's negligence Strescon is not entitled to indemnification.

Fabi contends that the indemnification clause in the Strescon-Fabi contract is not applicable to this accident because the contract had not been executed when the accident occurred. The contract was signed by the parties on June 22, 1976. This accident happened May 25, 1976.

The answer to this contention lies in the contract. It states that it is an agreement "made this 22nd day of April" 1976. It included the work which was being pursued by the parties on May 25, 1976 in connection with which this accident occurred.

death, or to injury to or destruction of tangible property (other than the work itself) including the loss of use resulting therefrom (b) is caused in whole or in part by any negligent act or omission of the subcontractor or anyone directly or indirectly employed by him or anyone for whose acts he may be liable, regardless of whether it is caused in part by a party indemnified hereunder."

It appears that the parties proceeded with the work pursuant to "a general oral agreement" in contemplation that a written agreement would thereafter be executed formalizing the undertakings of the parties and that the agreement executed June 22, 1976 was that agreement. That some flexibility remained as to the terms of the contemplated written agreement is evidenced by the fact that some changes were made on the day the agreement was executed. However, it is stated that none of the changes involved the indemnification clause.

 When a party executes a contract which is effective on a prior date the party establishes its contractual obligations as of the prior date, it accepts the events which have occurred since that prior date. Assigning a date to a contract which antedates the execution, in the absence of express language showing a contrary intention, makes the contract effective on that date which the contract bears. See *Brewer v. National Surety Corporation*, 10 Cir., 169 F.2d 926, 928 (1948). *Viacom International Inc. v. Tandem Productions, Inc.*, S.D.N.Y., 368 F.Supp. 1264, –70 (1974); *Matthews v. Jeremiah Burns, Inc.*, N.Y.Supr., 205 Misc. 1006, 129 N.Y.S.2d 841, 847 (1954); *Thornton Brothers, Inc. v. Gore*, Miss.Supr., 252 Miss. 27, 172 So.2d 425, 429 (1965); 17 *Am. Jur.2d* Contracts § 69, p. 408; 17 *CJS* Contracts § 61, pp. 730–1. Here, a later date does appear following the signature. The presence of two different dates creates an ambiguity which opens the matter to evidentiary proof that the date appearing at the beginning of the agreement should not control the inception of rights and liability thereunder. *Cleveland Trust Co. v. Wilmington Trust Co.*, Del.Supr., 258 A.2d 58 (1969); 3 Corbin on Contracts § 579, p. 420–3.

Since a contract was entered into which covered the entire work, it is not necessary to discuss what the result would have been if the parties had excluded the work done prior to the date of execution of the contract or had made the contract effective on the date of execution.

Fabi relies on *Universal Products Co. v. Emerson*, Del.Supr., 179 A. 387, 394 (1935) for the proposition that where the parties contemplate that an agreement will be reduced to writing and signed there is no contract until the written agreement is signed. It is not necessary to discuss here whether this was the holding of the Supreme Court because here the parties did sign a subsequent written contract. *Chrysler Corporation v. Quimby*, Del.Supr., 144 A.2d 123 (1958), which also is cited by Fabi, is inapplicable because it also was marked by a failure to execute a formal agreement. Neither case precludes an executed formal agreement from having application to matters which occurred before execution of the formal agreement.

## II. KRAPF MOTION FOR SUMMARY JUDGMENT

Krapf, the general contractor, seeks to be relieved of litigation on the ground that (1) as to plaintiffs' claim no negligence on the part of Krapf has been shown, (2) it is entitled to be indemnified by Strescon, and (3) it is entitled to contribution from Fabi.

### A.

As to plaintiffs' claim, Krapf conceded at the argument that the posture of the evidence was such that Krapf was not entitled to summary judgment. In other words, there is at least a jury question whether proximately causative negligence is attributable to Krapf. Hence, Krapf's motion for summary judgment as to plaintiffs is denied.

### B.

 Krapf asserts that Strescon's indemnification undertaking protects Krapf against claims in this suit. The provision upon which Krapf relies reads:

"The subcontractor [Strescon] shall indemnify and save harmless the Contractor [Krapf] and/or Owner and all its officers, agents and employees from any and all responsibility and liability therefore of any sort or kind and from all suits or

actions at law of any kind whatsoever in connection with this work . . . ." The applicable principle has been discussed above. While the language purports to be all-inclusive, it does not show that specific consideration was given to indemnifying Krapf for its own negligence. Hence, to the extent the claim against Krapf is based on Krapf's own negligence Krapf is not entitled to indemnification from Strescon. To the extent that Krapf should be held liable on a basis other than Krapf's own negligence Strescon is required to indemnify Krapf.

## C.

■ With respect to the question of whether as between Krapf and Fabi, Krapf is entitled to summary judgment on the issue of contribution, there is at least some evidence that Krapf assumed some obligation to inspect the job site for safety violations and employed a safety consultant for that purpose. In addition, Krapf had a full-time employee on the job site. Since the accident was caused by the manner in which the floor planks were placed on horizontal beams, and/or the related shoring conditions which arose on the job, it cannot be said, viewing the evidentiary material most favorably to Fabi and drawing all reasonable inferences in Fabi's favor, that there remains no jury question on the issue of proximately causative negligence. *Howard v. Food Fair Stores, New Castle, Inc.*, Del.Supr., 201 A.2d 638 (1964); *Collins v. F. W. Woolworth Co.*, Del.Supr., 295 A.2d 732 (1972).

## III. PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

It appears that the planks which injured plaintiffs fell (1) because so many planks were placed on one side of the horizontal beam without any planks being placed on the other side of the beam that the weight of the planks on one side of the beam caused the beam to rotate thereby removing support for the planks, or (2) because in the absence of the balancing of weight on each side of the beam either (a) the beam was not properly shored or supported to offset the unbalanced weight on the beam or (b) the shoring was of insufficient strength and broke while resisting the weight or rotational forces involved.

■ Fabi argues that plaintiffs should not be granted summary judgment against Fabi because the entire responsibility for the erection did not rest with Fabi. This apparently rests on the premise that there can be only one proximate cause of an accident. On the contrary, it is well established that there may be more than one negligent act or omission which is a proximate cause of an accident and hence there may be more than one party whose negligence proximately caused an accident. Cf. *McKeon v. Goldstein*, Del.Supr., 164 A.2d 260 (1960); *Wyatt v. Clendaniel*, Del.Supr., 320 A.2d 738 (1974); *Warburton v. Phoenix Steel Corporation*, Del.Super., 321 A.2d 345 (1974), aff'd. *Noble J. Dick, Inc. v. Warburton*, Del.Supr., 334 A.2d 225 (1975); *Chudnofsky v. Edwards*, Del.Supr., 208 A.2d 516 (1965).

The fact that negligence of another defendant may be a proximate cause of plaintiffs' accident and injuries does not preclude there being negligence of Fabi which also was a proximate cause of the same accident and injuries. Here, if as Fabi contends, the fact that it may not have the sole responsibility for the erection and shoring does not relieve it of liability if it failed to execute its responsibility in a way which was without negligence if such negligence proximately caused the injuries.

Fabi placed the beam and the planks. Fabi was also responsible for and did provide the shoring. The briefing has proceeded on the issue of whether affirmative proof of negligence on the part of Fabi has been established to the degree required for partial summary judgment in plaintiffs' favor. The briefing on these motions has not discussed the doctrine of res ipsa loquitur which is raised in the complaint. With respect to causation there appears to be a dispute whether the unbalanced loading of the beam or insufficient shoring caused the planks to fall. The testimony has not ad-

dressed itself to the question of whether the standard of conduct of Fabi in the performance of its contractual work satisfied acceptable building construction standards. Cf. 62 *A.L.R.2d* 1451, 1461; *Restatement of Torts 2d* § 299A. Absent undisputed evidence establishing failure of Fabi to satisfy the standard in the building construction field, the Court is called upon to infer negligence from the circumstances.

 While inferences might be drawn supporting plaintiffs' position, at the summary judgment stage all reasonable inferences must be drawn favorably to the nonmoving party and the evidence must be viewed most favorably to that. *Howard v. Food Fair Stores, New Castle, Inc.*, supra; *Collins v. F. W. Woolworth Co.*, supra.

 Plaintiffs also contend that the absence of Fabi's supervision at the time the planks fell was a proximate cause of the accident. While it appears that it was a responsibility of Fabi to provide such supervision, it has not been shown that the work would have been done differently if full supervision had been provided by Fabi and hence the element of proximate cause has not been undisputably established as to this ground. Cf. *Carnes v. Winslow*, Del.Supr., 182 A.2d 19 (1962); *Metropolitan Convoy Corp. v. Chrysler Corp.*, Del.Supr., 208 A.2d 519 (1965); *McKeon v. Goldstein*, Del.Supr., 164 A.2d 260 (1960).

## IV. SUMMARY

In summary, Strescon's motion for summary judgment against Fabi based upon claimed indemnification, the motion is denied on the ground that Fabi is entitled to present evidence showing that the signing date should control over the contract date and in any event the indemnification language does not entitle Strescon to indemnification against its own negligence. Krapf's motion for summary judgment is denied as to plaintiffs, is denied as to Strescon insofar as it would entitle Krapf to indemnification against its own negligence and granted insofar as indemnification does not relate to Krapf's negligence, and is denied as to Fabi. Plaintiffs' motion for summary judgment is denied.

IT IS SO ORDERED.