**CHESAPEAKE UTILITIES CORPORATION, a corporation of the State of Delaware, Plaintiff,**

v.

**CHESAPEAKE AND POTOMAC TELEPHONE COMPANY OF MARYLAND, a corporation of the State of Maryland, Defendant and Third Party Plaintiff,**

v.

**TEAL CONSTRUCTION, INC., and Bituminous Casualty Corporation, Third Party Defendants.**

Superior Court of Delaware, New Castle County.

Submitted Dec. 6, 1979.

Decided Jan. 8, 1980.

Douglas B. Catts, of Schmittinger & Rodriguez, Dover, attorney for plaintiff.

Richard E. Poole, and Somers S. Price, Jr., of Potter, Anderson & Corroon, Wilmington, attorneys for defendant and third party plaintiff.

Edmund D. Lyons, and Edward M. McNally, of Morris, James, Hitchens & Williams, Wilmington, attorneys for third party defendants.

O'HARA, Judge.

Several related issues are before the Court stemming from interpretation of the Court's earlier opinion, Del.Super., 401 A.2d 101 (1979). The factual setting, set forth in the earlier opinion will not be repeated here. The issues are as follows:

1) Did the Court's opinion preclude Telephone from asserting a right to partial indemnification from Teal (and Bituminous, its insurance carrier) based on the Telephone/Teal contract?

2) Assuming the answer to # 1 is "no", can Telephone assert such right under the contract as construed according to Maryland law?

3) Did the Court's opinion preclude Telephone from relying upon the distinction between "active" and "passive" negligence vis-à-vis Utilities' claim for contribution, and if not, are these concepts relevant to the case at bar, and are there sufficient facts to support submission of the issue to the trier of fact?

Each issue will be addressed seriatim.

■ ISSUE 1: The Court's March 30, 1979 opinion did not preclude Telephone's present reliance on the indemnity provision to assert a claim for partial indemnification from Teal in the event that both Telephone and Teal are found to have been independently and concurrently negligent. The precise issue before the Court earlier was whether, as a matter of law, the contract could be construed to require indemnification by Teal for the negligence, active or passive, of Telephone in causing the original plaintiffs' injuries. The Court ruled that under Maryland law, the contract could not be so construed because the indemnity provision did not unequivocally so provide. The Court's ruling was premised on record facts indicating that a jury could find Telephone to have been negligent in a manner proximately related to the injuries, and that Teal would not be responsible to indemnify Telephone therefor. There is nothing in the opinion to indicate the Court considered

a factual context in which both Telephone and Teal might be concurrently negligent, and therefore, no holding was made as to the indemnity clause's effect in such a situation.

Both parties focus on the language contained in the second to last paragraph of the opinion. This paragraph can be read to support either view, but, given the ambiguity found therein, it would be best to rule on the issue of partial indemnification explicitly at this time, prior to trial itself.

**■ ISSUE 2:** This issue is to be decided under Maryland law and involves interpretation of the indemnity provision.

*Crockett v. Crothers*, 264 Md. 222, 285 A.2d 612 (1972), relied upon by Teal as supporting the contention that Maryland law does not permit partial indemnification, is entirely distinguishable since the claim therein was for total indemnification not partial, and the contract expressly provided for no indemnification where the indemnitee's negligence was the "primary cause of injury."

In this Court's judgment the question of partial indemnification has not been considered by the Maryland courts. Therefore, the question is how would Maryland courts construe this provision if presented with the issue. Reference to other jurisdictions, state and federal, provides little assistance, because trends can be found both ways, i.e., some courts [especially federal courts following the *U. S. v. Seckinger*, 397 U.S. 203, 90 S.Ct. 880, 25 L.Ed.2d 224 (1970) decision] hold that partial indemnification is a reasonable construction on provisions like the one in this case; other courts applying a rule of strict construction, hold *contra*. The construction proffered by Telephone is entirely reasonable in light of the explicit language used. However, the construction advanced by Teal, i.e., no partial indemnification, is also reasonable, since the provision, if strictly construed, makes no mention of Teal's liability as dependent upon the extent to which it may have been at fault in causing injury. If such a strict construction is applied, the provision would not be a nullity, since Telephone would be entitled to

indemnity where its liability was entirely vicarious and premised upon Teal's negligence as Telephone's agent. Thus, ultimate resolution of the issue depends largely upon whether the Court requires a strict construction of the provision as against the indemnitee (Telephone).

In *Farrell Lines v. Devlin*, 211 Md. 404, 127 A.2d 640 (1956), the Court does state that indemnity contracts are strictly construed against indemnitees. However, this was said in the context of a claim that the contract covered the indemnitee's own negligence. The rule of strict construction in such a context is virtually universal. However, there are no Maryland cases that hold such strict construction is to be applied in cases involving claims for partial indemnification to the extent that damages are incurred partially because of an indemnitor's negligence. While some jurisdictions have applied the rule of strict construction to these partial indemnification claims (and, therefore, hold that language indicating a clear intention to comparatively allocate losses must be found), other jurisdictions hold that the rule of strict construction should not be applied to indemnity provisions in partial indemnification cases. *See e.g., Young v. Anaconda American Brass Co.*, 43 Wis.2d 36, 168 N.W.2d 112 (1969). The reason for the distinction in construction seems clear. While it would be unusual for an indemnitor to agree to indemnify against damages caused by one completely outside the indemnitor's control (e.g., an indemnitee), it does not seem unusual for an indemnitor to agree to indemnify for those damages caused by its own acts or omissions. Indeed, that seems to be the major purpose of indemnification agreements. Moreover, as a matter of public policy, it seems a good idea to hold each entity which contributes to an injury (and thus has control and the opportunity to avoid causing such injury) liable to the extent of its contribution, unless someone else has clearly contracted to be liable therefor. Where an indemnity provision is as broad and as general as the one in the case at the bar, this public policy is advanced by re-

fusing to hold the indemnitor liable for damages caused by the indemnitee, and by requiring the indemnitor to indemnify the indemnitee to the extent that the damages were caused by the indemnitor.

Because of the absence of Maryland decisional law on the issue of partial indemnification, the resolution of the question almost comes down to a coin toss. For what they are worth, *Farrell Lines v. Devlin*, supra, and *Crockett v. Crothers*, supra, are the only Maryland cases that come close to dealing with the issue. In such a setting the direction taken within our own jurisdiction is helpful. Judge Clarence W. Taylor, of this Court, in dealing with similar indemnification problems did hold, with respect to a broad, general indemnification clause not too dissimilar to the instant clause, that partial indemnification was possible. *Sweetman v. Strescon Industries, Inc.*, Del. Super., 389 A.2d 1319 (1978).

ISSUE 3: The Court's earlier opinion had nothing to do with Utilities' contribution claim against Telephone, so the Court has not ruled on the issue. The question of "passive" or "secondary" negligence is, under Maryland law, a question related to proximate causation and thus normally a jury question. It requires the jury to evaluate contributing causes to an injury and determine whether one cause was the "active" or "primary" cause of the injury as opposed to the contributing cause being a "passive", "potential" or "secondary" cause, in which case the "passively" negligent party is not liable if such party could not reasonably have anticipated the damage that flowed from his passive negligence.

Since the "active"/"passive" distinction requires a consideration of the negligent party's conduct as to the causation and foreseeability of the ensuing injury, it is an issue for the trier of fact. A jury could reasonably find, on the facts of record, that Utilities' negligence in allowing the gas to leak into Telephone's manhole was the "active" or "primary" cause of the accident, and that Telephone's failure to test for gas or to vigorously enforce safety measures at the job site by Teal was only "passive" or "secondary" negligence.

It is the Court's conclusion, therefore, that 1) Telephone is not precluded from asserting a right to partial indemnification, and 2) such right under the instant contract may be asserted under Maryland law, and 3) Telephone is not precluded from relying upon the distinction between "active" and "passive" negligence vis-à-vis utilities claim for contribution, such concepts being relevant here and the record sufficient to go to the jury.

IT IS SO ORDERED.