**IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE**
**IN AND FOR NEW CASTLE COUNTY**

| | | |
|---|---|---|
| SUSAN OATES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. CPU4-15-003361 |
| | ) | |
| MARY RYAN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Submitted: July 25, 2016
Decided: August 16, 2016

M. Jean Boyle, Esquire
Longobardi and Boyle, LLC
1700 Augustine Cut Off
Wilmington, DE 19803
*Attorney for Plaintiff*

Michael J. Hendee, Esquire
Casarino Christman Shalk
Ransom & Doss, P.A.
405 N. King Street, Suite 300
P.O. Box 1276
Wilmington, DE 19899
*Attorney for Defendant*

**DECISION AFTER TRIAL**

This is a negligence action arising out of a motor vehicle accident. Susan Oates ("Plaintiff") seeks damages totaling $50,000.00, stemming from an automobile collision with Mary Ryan ("Defendant"). The trial was bifurcated between a liability phase and a damages phase. The liability phase of trial took place on July 25, 2016, and at its conclusion, the Court reserved decision. This is the Court's decision after trial.

## FACTS

The only witnesses to testify at trial were Plaintiff, Plaintiff's three then-minor passengers (the "Passengers"), and Defendant. Plaintiff listed the responding officer as a witness, but the officer did not testify.

Plaintiff testified that on October 3, 2015, she and the Passengers were traveling home from her son's high school homecoming dance. Plaintiff was traveling eastbound on Wilson Road. Plaintiff stated that she decelerated and stopped her vehicle at the intersection of Wilson and Shipley Road as the traffic light turned from green to yellow and yellow to red.[1] The Passengers' testimony on this point was consistent with Plaintiff's testimony.[2]

Plaintiff testified that when her light turned green, she proceeded into the intersection. Plaintiff stated that approximately halfway through the intersection, Defendant's vehicle struck her vehicle on the front left quarter panel and the left side of the front bumper.[3] Following the collision, Plaintiff's vehicle came to a rest on Shipley Road facing the wrong direction. After being momentarily stunned, Plaintiff pulled her vehicle onto the shoulder on Shipley Road.[4] Plaintiff further testified that she did not see Defendant's vehicle before entering the intersection.[5]

Emmett Dwyer, one of Plaintiff's Passengers, testified that after Plaintiff pulled onto the shoulder, he looked back and saw that Defendant's light on Shipley was red. The Passengers testified consistently to all material facts, with each recounting containing minor immaterial

---

[1] This version of the story matches that of the police report.
[2] None of the Passengers saw a red light, but all were sure they stopped at the intersection for a short period of time.
[3] The Passengers testified to the same effect.
[4] Plaintiff's Passengers all testified similarly.
[5] None of the Passengers saw Defendant's vehicle until an instant before the collision.

2

inconsistencies.[6] The police reported to the scene of the accident, but due to the conflicting statements and the absence of independent witnesses to verify the parties' accounts, no citation was issued. Plaintiff testified that the officer told her that Defendant admitted fault for the accident.

Defendant's testimony differs from Plaintiff's testimony. Defendant testified that on October 3, 2015, while driving home from work southbound on Shipley Road she approached the intersection of Shipley and Wilson. She stated that as she approached the intersection, the light turned from green to yellow and then yellow to red.[7] Defendant stated that she decelerated and came to a stop before entering the intersection. When the light turned green, she entered the intersection, saw a light out of the corner of her eye, and turned her wheel to the left. Defendant contends that Plaintiff hit her and is at fault for the accident. Defendant denied ever telling the officer the accident was her fault. Defendant also stated that she told the officer she stopped at the intersection for a red light before proceeding, but the officer must have omitted this fact from his report.

## DISCUSSION

In order to prevail on a claim for negligence, Plaintiff must establish by a preponderance of the evidence that Defendant owed Plaintiff a duty of care; that Defendant breached that duty of care; and Defendant's breach of duty proximately caused Plaintiff's damages.[8] Pursuant to Title 21 of the Delaware Code, all motorists must give their full attention to the operation of their

---

[6] Inconsistencies include the vehicle's exact speed and time of accident.

[7] This differs from the police report. The police report records, without any details on the light sequence, that Defendant said she had a green light and Plaintiff's vehicle drove into her path. When asked during her deposition about the status of the light during Defendant's approach to the intersection, she stated that she did not recall. During cross-examination on this matter, Defendant became flustered and slightly agitated.

[8] *Anctil v. McGrath*, 2012 WL 4789688, at *4 (Del. Com. Pl. July 31, 2012) (*citing New Haverford P'Ship v. Stroot*, 77 A.2d 792, 798 (Del. 2001)).

3

vehicle with due regard for traffic conditions,[9] maintain a proper lookout,[10] and obey traffic-control devices.[11] A violation of a statute enacted for the safety of others, which undoubtedly includes motor vehicle statutes, constitutes negligence *per se*.[12] Even when a motorist is found to be negligent for violating a motor vehicle statute, "it remains the duty of the [fact finder] to determine if there is proximate cause and if the complaining party [is] in any way negligent before apportioning liability."[13]

When determining liability in negligence actions, Delaware courts "hold individuals responsible for reasonably foreseeable events," and apply "the traditional 'but for' definition of proximate cause."[14] Proximate cause "is that direct cause without which an accident would not have occurred."[15] It is well settled under Delaware law that there may be more than one proximate cause of a plaintiff's injury.[16]

In this action, the testimony of both parties is in conflict. Thus, the Court must resolve the conflicts "if reasonably possible[,] so as to make one harmonious story."[17] In analyzing the evidence adduced at trial, the Court finds that Plaintiff and Plaintiff's Passengers' version of the accident is more credible and supported by the weight of the evidence. Although Defendant is

---

[9] 21 *Del. C.* § 4176.

[10] *Id.*

[11] 21 *Del. C.* § 4107.

[12] "It is settled law that violation of a statute enacted for the safety of others constitutes negligence *per se.* The motor vehicle statutes, without doubt, are enacted for the safety of the traveling public." *Wright v. Moore*, 931 A.2d 405, 408 (Del. 2007) (citations omitted).

[13] *Id.*

[14] *Hudson v. Old Guard Ins. Co.*, 3 A.3d 246, 250 (Del. 2010) (citations omitted).

[15] *Duphily v. Delaware Elec. Co-op., Inc.*, 662 A.2d 821, 829 (Del. 1995) (quoting *Chudnofsky v. Edwards*, 208 A.2d 516, 518 (Del. 1965)).

[16] *See Saddler v. Nanticoke Mem'l Hosp.*, 2012 WL 6846550, at *4 (Del. Super. Dec. 24, 2012); *Culver v. Bennett*, 588 A.2d 1094, 1097 (Del. 1991); *McKeon v. Goldstein*, 164 A.2d 260, 262 (Del. 1960).

[17] *Nat'l Grange Mut. Ins. Co. v. Nelson F. Davis, Jr., et. al.*, 2000 WL 33275030, at *4 (Del. Com. Pl. Feb. 9, 2000).

4

able to remember more details surrounding the accident,[18] Defendant's version of the accident has evolved to serve her needs at trial. To the contrary, Plaintiff's version has remained consistent throughout. The Court finds that Defendant was negligent *per se* for the traffic violations,[19] and will now consider whether Defendant's inattentiveness and failure to abide by a traffic control device proximately caused the accident and Plaintiff's damages.

Plaintiff and her Passengers testified that as they approached the intersection of Shipley and Wilson, Plaintiff stopped her vehicle at a red traffic light. When the light turned green, she entered the intersection but did not see Defendant's vehicle approaching. Defendant's vehicle then collided with Plaintiff's while Plaintiff had the right of way and was obeying the traffic control device. The testimony about and pictures of the vehicles' damage indicate the point of impact as the right front quarter panel of Defendant's vehicle, and the left front quarter panel and bumper on Plaintiff's vehicle. Thus, the damage aligns with Plaintiff's explanation of how the collision occurred.

In considering this evidence, the Court finds that there was one proximate cause of the accident: Defendant's negligence in failing to keep a proper lookout and abide by traffic control devices. Absent Defendant's negligence, she would not have collided with Plaintiff. Plaintiff did not have a duty to anticipate the negligent actions of another driver.[20] Thus, Defendant's inattentiveness and failure to abide by traffic control devices was the proximate cause of the accident. Because the Court finds that Defendant's actions were the sole cause of the accident, an apportionment of fault is unnecessary.

---

[18] The details include: the presence or absence of artificial lighting, the weather conditions, and the speed limit.

[19] 21 *Del. C.* §§ 4176(b) (failure to maintain a proper lookout; inattentive driving); *Id.* at 4107(a) (obedience to traffic control devices).

[20] *Hudson v. Old Guard Ins. Co.*, 3 A.3d 246, 250 (Del. 2010).

After considering the evidence presented at trial, the Court finds that Defendant was solely at fault for the accident.

## CONCLUSION

For the foregoing reasons, the Court finds Defendant Mary Ryan liable. The damages phase of the trial will be scheduled forthwith.

**IT IS SO ORDERED this 16th day of August 2016.**

Sheldon K. Rennie,
Judge