SHELIA HIMES, as Administratix of the ESTATE of CHRISTOPHER HIMES, Deceased and SHELIA HIMES, Individually, Plaintiff Below-Appellant,
v.
TIMOTEO R. GABRIEL, JR., M.D., Defendant Below-Appellee.
No. 475, 2008.
Supreme Court of Delaware.
Submitted: December 29, 2008.
Decided: April 23, 2009.
Before STEELE, Chief Justice, HOLLAND, and RIDGELY, Justices.

ORDER
Henry duPont Ridgely, Justice
This 23rd day of April 2009, it appears to the Court that:
(1) In this medical negligence case, based upon an alleged failure to obtain informed consent, Plaintiff-Appellant Shelia Himes, as Administratix of the estate of Christopher Himes, appeals the Superior Court's denial of her motion for judgment as a matter or law, or alternatively, a motion for a new trial after a defense verdict. Appellant raises two issues on appeal. First, she contends that the weight of the evidence does not support a finding that informed consent was obtained from Mr. Himes. Second, she contends that the trial court erred by denying her renewed motion for judgment as a matter of law, or alternatively, a motion for a new trial. We find no merit to her arguments and affirm.
(2) Mr. Himes sought treatment for obstructive sleep apnea and snoring from Defendant-Appellee Timoteo R. Gabriel, Jr., M.D. On August 12, 2003, Mr. Himes signed a surgical consent form, which listed five surgical procedures recommended by Dr. Gabriel. Although the form did not state a surgery date, it contained language stating that "[t]he benefits, risks, complications, and alternatives to the above procedure(s) have been explained to me [Mr. Himes]."
(3) Mr. Himes's surgery was initially scheduled for September 25, 2003; however, on the morning of surgery, he called Dr. Gabriel's office and cancelled. The surgery was rescheduled for January 29, 2004. That morning, after Dr. Gabriel reviewed Mr. Himes's medical history and performed a physical exam, the surgery proceeded as scheduled. On February 4, 2004, Mr. Himes died as a result of postoperative complications.
(4) Appellant filed a timely medical negligence action, alleging that Dr. Gabriel had breached the standard of care by not properly obtaining Mr. Himes's informed consent prior to surgery. At trial, Appellant moved for a judgment as a matter of law. The court denied the motion and this matter was submitted to the jury. On April 21, 2008, the jury found Dr. Gabriel was not negligent in any respect, including informed consent.
(5) After the verdict, Appellant filed a renewed motion for judgment as a matter of law, or alternatively, a motion for a new trial. The court denied both motions.[1] This appeal followed. Appellant contends that the weight of the evidence does not support a finding that informed consent was obtained from Mr. Himes and that the trial court erred by denying Appellant's renewed motion for judgment as a matter of law, or alternatively, a motion for a new trial.
(6) We review the trial court's grant or denial of a new trial for an abuse of discretion. When such a motion is granted on weight of evidence grounds, the trial judge must create a record to illustrate "what factors the trial judge considered and the reasons for his [or her] decision."[2] A decision to set aside a jury verdict warrants appellate deference due to the trial judge's "presence at trial and his [or her] duty to see that there is no miscarriage of justice."[3] On the other hand, if a motion is denied in a jury case, the jury's verdict must be upheld if it is supported by the evidence, i.e., if there is "`any competent evidence upon which the verdict could reasonably be based.'"[4] To determine whether this threshold has been met, we examine the record "from the perspective most favorable to the jury's verdict."[5] (7) In Storey v. Camper,[6] we framed the grounds for awarding a new trial:
[A] trial judge is only permitted to set aside a jury verdict when in his judgment it is at least against the great weight of the evidence. In other words, barring exceptional circumstances, a trial judge should not set aside a jury verdict on such ground unless, on a review of all the evidence, the evidence preponderates so heavily against the jury verdict that a reasonable jury could not have reached the result.
Applying these principles in Storey, we reversed the trial judge's decision to grant a new trial, noting the simplicity of the evidence and that "[t]he subject matter was within the normal comprehension of a jury."[7] Moreover, we concluded that the trial judge's decision was "clearly unreasonable or capricious," since it appeared that the trial judge merely drew a conclusion different from the jury on a disputed question of fact.[8]
(8) Appellant contends that the weight of the evidence does not support a finding that informed consent was obtained from Mr. Himes. Citing to the Superior Court's Jury Instruction, Appellant claims that in order to prevail on an informed consent claim, a plaintiff must demonstrate by a preponderance of the evidence:
(1)before the procedure, the defendant failed to tell the patient about certain risks of the procedure or alternatives to it; and
(2)that a reasonable patient would have considered this information to be important in determining whether to have the procedure; and
(3)that the patient suffered injury as a proximate result of the procedure.[9]
(9) Appellant claims that the use of the word "certain" immediately before "risks" provides a degree of discretion to physicians in deciding which risks to disclose to a patient, and relieves physicians of the laborious task of listing every possible conceivable risk not matter how small or remote. However, because the term "certain" does not immediately precede "alternatives," Appellant argues that all alternatives must be disclosed, regardless of whether the doctor deems the alternatives to be desirable or preferable to the doctor's proposed course.
(10) We do not find Appellant's argument persuasive. Delaware law limits a physician's duty by requiring an injured party to prove that "the health care provider did not supply information regarding such treatment, procedure or surgery to the extent customarily given to patients, or other persons authorized to give consent for patients by other licensed health care providers in the same or similar field of medicine as the defendant."[10] Thus, unless an injured party demonstrates that other physicians would customarily disclose all alternatives to a given surgery, a jury could reasonably find that such a disclosure was not necessary to obtain informed consent.
(11) At trial, Dr. Gabriel testified that he discussed the risks and complications of the surgery with Mr. Himes. Although Dr. Gabriel testified that he did not remember whether he told Mr. Himes that staging the procedures was an option, Dr. Gabriel explained that he did not believe that such an option was an appropriate alternative for Mr. Himes.[11] In addition, experts for both sides testified that Mr. Himes would not be a candidate for the staging procedure because it would be too risky for him to be administered anesthesia multiple times and because of his fear and anxiety regarding surgery. Viewing this testimony from the perspective most favorable to the jury's verdict, there was ample evidence for a reasonable jury to conclude that Appellant failed to meet her burden.
(12) Appellant next contends that the trial court erred by denying Appellant's renewed motion for judgment as a matter of law, or alternatively, a motion for a new trial because "all credible evidence was in Appellant's favor." This argument also is not persuasive. The trial judge acknowledged that the issue of informed consent was factually disputed at trial and that "the case was not especially complicated and was within the normal comprehension of the jury."[12] Furthermore, the trial judge noted, "As finders of fact, and judges of credibility and the weight to be given to the admitted evidence, it is the jurors' province to determine which expert's opinion was more persuasive."[13] As previously noted, the testimony at trial provided competent evidence upon which the verdict could reasonably be based.[14] Consequently, the Superior Court did not abuse its discretion by denying Appellants motions and upholding the jury's verdict.
NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.
NOTES
[1] See Himes v. Gabriel, 2008 WL 4147579 (Del. Super. Ct. Aug. 26, 2008).
[2] Storey v. Camper, 401 A.2d 458, 466 (Del. 1979) (citing Wife F. v. Husband F., 358 A.2d 714, 716 (Del. 1976)).
[3] Storey, 401 A.2d at 465-466 (citing Love v. Sessions, 568 F.2d 357, 361 (5th Cir.) (1978)).
[4] Mercedes-Benz of N. Am., Inc. v. Norman Gershman's Things to Wear, Inc., 596 A.2d 1358, 1362 (Del. 1991) (citations omitted); see also DEL. CONST. ART. IV § 11(1)(a) (granting jurisdiction to the Supreme Court "[t]o receive appeals from the Superior Court in civil causes ... [p]rovided that on appeal from a verdict of a jury, the findings of the jury, if supported by evidence, shall be conclusive.").
[5] Walker v. Shoprite Supermarket, Inc., 864 A.2d 929 (Del. 2004) (Table) (citing Storey, 401 A.2d at 465).
[6] 401 A.2d at 465.
[7] Id. at 466.
[8] Id. at 467 (quoting Chavin v. Cope, 243 A.2d 694, 697 (Del. 1968)).
[9] Delaware Civil Pattern Jury Instruction §7.2A  Informed Consent.
[10] 18 Del. C. § 6852(a)(2) (emphasis added).
[11] The staging option refers to performing each of the five procedures at different times rather than performing all five procedures during the same surgery.
[12] Himes v. Gabriel, 2008 WL 4147579, at *2 (Del. Super. Ct. Aug. 26, 2008).
[13] Id at *1.
[14] See Mercedes-Benz, 596 A.2d at 1362.