Deborah L. SPICER, individually and as Parent and Natural Guardian of Brittany Spicer, a minor, Plaintiffs Below, Appellants,

v.

Abimbola OSUNKOYA, M.D., and Delaware Primary Care, LLC, Defendants Below, Appellees.

No. 102, 2011.

Supreme Court of Delaware.

Submitted: Sept. 21, 2011.
Decided: Nov. 15, 2011.

---

**31.** *Baylis v. State*, 2010 WL 376908 at *1 (Del. Jan. 14, 2010) (ORDER) (citing *Cannon v. Miller*, 412 A.2d 946, 947 (Del.1980)).

Gilbert F. Shelsby, Jr., Esquire (argued) and Robert J. Leoni, Esquire, Shelsby & Leoni, Stanton, Delaware for Appellants.

John D. Balaguer, Esquire, White and Williams LLP, Wilmington, Delaware for Appellees.

Before BERGER, JACOBS, and RIDGELY, Justices.

BERGER, Justice:

In this interlocutory appeal of a medical malpractice action, we consider whether a doctor owes a duty of care to a patient after the doctor has referred the patient to a specialist. The patient does not allege that the referring doctor knew or should have known that the specialist was incompetent. After the referral, the first doctor had no further involvement in the treatment or care of the patient, and the specialist decided on a treatment without any reliance on the first doctor's medical records or diagnosis. The patient allegedly suffered serious injuries as a result of the specialist's negligence. Based on these undisputed facts, we hold that the referring doctor had no duty to the patient after the referral. Accordingly, we affirm the trial court's grant of summary judgment.

**Factual and Procedural Background**

Deborah Spicer brought this action on behalf of her daughter, Brittany Spicer, who suffered anoxic brain injury following a tonsillectomy performed by Dr. Stephen Cooper, an ear, nose and throat (ENT) specialist. Spicer alleges, among other things, that Cooper performed unnecessary surgery and prescribed an excessive amount of Oxycodone for post-operative pain. The overdose of Oxycodone allegedly caused respiratory depression, which caused the brain damage.

Brittany's family practitioner, Dr. Abimbola Osunkoya, started treating Brittany in November 2003. In January 2004, August 2005, and March 2007, Osunkoya treated Brittany for a sore throat, among other symptoms. During the last examination, Osunkoya noted that Brittany's tonsils were large and red. He diagnosed Brittany as suffering from recurrent tonsilitis and referred her to Cooper. Following the referral, Osunkoya neither treated Brittany again nor consulted with Cooper.

In late March 2007, Brittany met with Cooper, who collected a medical history from Brittany and her stepfather. Cooper testified that he based his diagnosis of chronic recurrent tonsillitis entirely on the medical history he obtained from the family. He did not rely on Osunkoya's diagnosis at all. Cooper recommended a tonsillectomy, which was performed one month later. At the time that the surgery was scheduled, Cooper sent Osunkoya a letter informing him that Cooper was going to perform a tonsillectomy based on Brittany's history of chronic tonsillitis and multiple episodes of strep throat. Osunkoya did not respond to Cooper's letter.

Osunkoya moved for summary judgment on the grounds that: 1) after the referral he no longer owed Brittany any duty; and 2) his referral to Cooper was not a proximate cause of Brittany's injuries. The Superior Court granted the motion on both grounds. This appeal followed.

**Discussion**

Spicer alleges that Osunkoya was negligent in the following respects: 1) he referred Brittany to Cooper without objective evidence to support Osunkoya's diag-

nosis of recurrent tonsilitis; 2) he failed to conduct appropriate tests and physical examinations before diagnosing Spicer; and 3) he failed to ensure that Cooper received Brittany's complete and accurate medical history.[1] To state a medical negligence claim, one must allege that a medical provider breached a duty owed to the plaintiff, and that the medical provider's act or omission was a proximate cause of the plaintiff's injury.[2] In Delaware, proximate cause is defined as "that direct cause without which the accident would not have occurred."[3]

The first issue is whether Osunkoya owed any duty to Spicer after the referral to Cooper. Other jurisdictions consistently hold that, in circumstances like those presented here, the original physician has no duty after the referral:

> It seems to be the universal rule that a physician who ... refers a patient to a specialist because the patient's ailment is or may be outside his field of competence, is not liable for the negligence of the physician to whom referral is made.[4]

The holding would be different if the original physician had reason to know that the specialist was incompetent, or the original physician acted in concert with the specialist:

> It is generally held that a physician who calls in or recommends another physician or surgeon is not liable for the other's malpractice, at least where there is no agency or concert of action, or no negligence in the selection of the other physician or surgeon.... [V]icarious liability has been recognized where the physicians are jointly employed or acting jointly in the case.[5]

But the undisputed facts in this case confirm that Osunkoya had no direct or indirect involvement in Spicer's care after referring her to Cooper. Accordingly, we hold that, at the time of her injury, Osunkoya owed no duty to Spicer.

Spicer attempts to avoid this result by arguing that Osunkoya was negligent before he referred her to Cooper. She alleges that Osunkoya did not conduct appropriate tests to determine Spicer's illness; he misdiagnosed her; and he failed to maintain, or provide to Cooper, accurate medical records. The problem with this argument is that Spicer does not allege that she suffered any harm prior to the tonsillectomy. Indeed, it was not until after the tonsillectomy that Spicer alleges she suffered brain damage, by taking an improperly prescribed dose of the postoperative pain killer. Because Osunkoya owed no duty to Spicer at the time she allegedly was harmed, and because there is no allegation that Osunkoya's alleged failings caused any harm, this argument fails.

■ Although Spicer tacitly concedes that Osunkoya did not harm her directly, she argues that Osunkoya's negligence

1. Spicer includes the additional claim that Osunkoya negligently failed to respond to Cooper's letter, which stated that Spicer suffered from chronic tonsillitis and chronic sore throats. This is but another version of the claim that Osunkoya failed to provide Cooper a complete and accurate medical history.

2. *Spencer v. Goodill*, 17 A.3d 552, 554 (Del. 2011).

3. *Chudnofsky v. Edwards*, 208 A.2d 516, 518 (Del.1965).

4. *Wentling v. Jenny*, 206 Neb. 335, 293 N.W.2d 76, 82 (1980).

5. *Stovall v. Harms*, 214 Kan. 835, 522 P.2d 353, 357 (1974). *See, also: Tramutola v. Bortone*, 63 N.J. 9, 304 A.2d 197, 200–201 (1973); *Crump v. Piper*, 425 S.W.2d 924, 928 (Mo. 1968); *Sprinkle v. Lemley*, 243 Or. 521, 414 P.2d 797, 800 (1966).

precipitated the chain of events that led to Spicer's brain injury. Her theory is that, if Osunkoya had not negligently diagnosed her as having recurrent tonsilitis, then: 1) he would not have referred her to Cooper; 2) Cooper would not have performed the tonsillectomy; and 3) Spicer would not have taken any post-operative drugs. Thus, Spicer argues that the issue is whether Osunkoya's negligence was a proximate cause of her injury—generally a question for the jury.

 Delaware courts follow the "but for" definition of proximate cause. "[A] proximate cause is one which in natural and continuous sequence, *unbroken by any efficient intervening cause,* produces the injury and without which the result would not have occurred."[6] A remote cause cannot form the basis of liability, even if the plaintiff would not have been injured "but for" that negligence:

> A prior and remote cause cannot be made the basis of an action if such remote cause did nothing more than furnish the condition or give rise to the occasion by which the injury was made possible if there intervened between such prior or remote cause and the injury a distinct, successive, unrelated and efficient cause of the injury even though such injury would not have happened but for such condition or occasion.[7]

Stated another way:

> [W]hen ... the court finds that full responsibility for control of the situation and prevention of the threatened harm has passed to [a] third person, his failure to act is then a superseding cause, which will relieve the original actor of liability.[8]

Applying these principles to the undisputed facts, we conclude, as a matter of law, that Osunkoya's alleged negligence was not a proximate cause of Spicer's injury. When he referred Spicer to Cooper, Osunkoya transferred full responsibility for her care. Cooper, acting independently, obtained Spicer's medical history; made a diagnosis; decided on a course of treatment; performed the tonsillectomy; and prescribed the Oxycodone. After the referral, Osunkoya owed Spicer no duty and any alleged negligence before the referral was, at best, a remote cause of Spicer's injury. Accordingly, the Superior Court correctly granted summary judgment in his favor.

### Conclusion

Based on the foregoing, the decision of the Superior Court is AFFIRMED. Jurisdiction is not retained.

---

6. *Duphily v. Del. Elec. Coop. Inc.,* 662 A.2d 821, 829 (Del.1995) (Internal citations and quotations omitted; emphasis in original.).

7. *McKeon v. Goldstein,* 164 A.2d 260, 262 (Del.1960) (Citation omitted.).

8. Restatement (Second) of Torts, § 452 Comment f.