J-S54018-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| v. | : | |
| WILLIAM BOYD | : | |
| Appellant | : | No. 25 WDA 2017 |

Appeal from the PCRA Order December 14, 2016
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0002211-1993

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| v. | : | |
| WILLIAM RICKY BOYD | : | |
| Appellant | : | No. 26 WDA 2017 |

Appeal from the PCRA Order December 14, 2016
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0002209-1993

BEFORE: OTT, J., MOULTON, J., and FITZGERALD[*], J.

MEMORANDUM BY OTT, J.:                    **FILED NOVEMBER 07, 2017**

William Ricky Boyd ("Boyd"), brings this counseled appeal from the

order entered December 14, 2016, in the Court of Common Pleas of

Allegheny County, dismissing his sixth petition for relief pursuant to the Post

_____

[*] Former Justice specially assigned to the Superior Court.

Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546. Boyd seeks relief from the judgment of sentence of 50 to 100 years' imprisonment, imposed on June 29, 2004. At Criminal Docket Nos. CR-0002209-1993 and CR-0002211-1993, a jury found Boyd guilty of one count of criminal conspiracy, four counts of aggravated assault, and two counts of violating the Uniforms Firearms Act,[1] stemming from shootings that took place on January 11, 1991, and January 22, 1991. Boyd contends the PCRA court erred in dismissing his petition without an evidentiary hearing on his claim of newly discovered evidence. For the reasons set forth below, we affirm.

In this Court's prior memorandum affirming the dismissal of Boyd's first PCRA petition, we set forth the relevant factual background of this case. Therefore, there is no need to repeat it here. **See Commonwealth v. Boyd**, 835 A.2d 827 (Pa. Super. 2003) (unpublished memorandum, at 1–4), *appeal denied*, 859 A.2d 767 (Pa. 2004).

On April 26, 1994, a jury convicted Boyd of the above-stated charges, and on June 29, 1994, the trial court sentenced him to an aggregate term of 50 to 100 years' imprisonment. On June 17, 1996, this Court affirmed the judgment of sentence, and the Pennsylvania Supreme Court denied his petition for allowance of appeal on January 15, 1997. **Commonwealth v.**

---

[1] **See** 18 Pa.C.S. §§ 903, 2702, and 6106, respectively.

***Boyd***, 679 A.2d 1284 (Pa. Super. 1996), *appeal denied*, 689 A.2d 230 (Pa. 1997).

On March 27, 1997, Boyd filed his first PCRA petition, which was dismissed without an evidentiary hearing on September 26, 2000. This Court affirmed the PCRA court's decision on September 4, 2003, and the Pennsylvania Supreme Court denied Boyd's petition for allowance of appeal on August 31, 2004. ***Commonwealth v. Boyd***, 835 A.2d 827 (Pa. Super. 2003) (unpublished memorandum), *appeal denied*, 859 A.2d 767 (Pa. 2004).

On November 18, 2004, Boyd filed his second PCRA petition, which was untimely and unsuccessful. ***Commonwealth v. Boyd***, 938 A.2d 1108 (Pa. Super. 2007) (unpublished memorandum).

On January 22, 2010, Boyd filed his third PCRA petition. In this PCRA petition, Boyd asserted he was entitled to a new trial on the basis of newly discovered evidence, specifically, that a non-testifying witness, Terrell Bush, had come forward and was willing to testify that Boyd did not commit the criminal acts in question. Boyd further asserted that Childress, his codefendant at trial, was willing to provide testimony that would exonerate him. Following an evidentiary hearing, the PCRA court dismissed Boyd's third PCRA petition as untimely. This Court affirmed, and the Pennsylvania Supreme Court denied allowance of appeal. ***Commonwealth v. Boyd***, 60

A.3d 557 (Pa. Super. 2012) (unpublished memorandum), *appeal denied*, 67 A.3d 792 (Pa. 2013).

On June 18, 2013, Boyd filed his fourth PCRA petition, which failed on the basis of untimeliness. **Commonwealth v. Boyd**, 105 A.3d 41 (Pa. Super. 2014) (judgment order), *appeal denied*, 105 A.3d 734 (Pa. 2014).

On January 7, 2015, Boyd filed a fifth PCRA, which similarly failed as untimely. **Commonwealth v. Boyd**, 125 A.3d 469 (Pa. Super. 2015) (unpublished memorandum), *appeal denied*, 126 A.3d 1281 (Pa. 2015).

On December 3, 2015, Boyd filed this current PCRA petition *pro se*, and a counseled, amended petition was filed on May 18, 2016. In his petition, Boyd asserts he is entitled to relief based upon newly discovered evidence. Specifically, Boyd attached to his petition the affidavit of Thomas Easley, the victim of the January 11, 1991, shooting, who states he lied in his trial testimony identifying Boyd as the shooter. On November 3, 2016, the PCRA court issued Pa.R.Crim.P. 907 notice of intent to dismiss, stating that the petition was time-barred and lacking in merit. After Boyd filed a December 2, 2016 response to the Rule 907 notice, the PCRA court dismissed the petition on December 14, 2016. This consolidated appeal followed.[2]

_____

[2] The PCRA court did not order Boyd to file a Pa.R.A.P. 1925(b) notice. The PCRA Court entered an order on February 9, 2017, relying on the reasoning
*(Footnote Continued Next Page)*

The sole issue Boyd raises on appeal is framed in his brief, as follows:

Whether this Court should vacate and remand for a hearing where the [PCRA] court erred in dismissing Mr. Boyd's PCRA petition without a hearing when (i) genuine issues of material fact existed as to the petition's timelines and the merit of its claims and (ii) Mr. Boyd would be entitled to a new trial if the facts averred in the petition were, indeed, proven to be true at a hearing.

Boyd's Brief at 4.

"Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." *Commonwealth v. Cox*, 146 A.3d 221, 226 n.9 (Pa. 2016) (citation omitted).

As a threshold issue, we must consider the timeliness of Boyd's petition. A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S. § 9545(b)(1). The judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review. 42 Pa.C.S. § 9545(b)(3). Here, Boyd's judgment of sentence became final on April 16, 1997, 90 days after the Pennsylvania Supreme Court denied his petition for allowance of appeal from his direct appeal, and

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

set forth in the Rule 907 notice, in support of his decision to dismiss the petition.

- 5 -

he failed to petition for a *writ of certiorari* in the United States Supreme Court. ***See*** U.S. Sup. Ct. Rule 13. Therefore, Boyd had until April 16, 1998, to file a timely petition. As such, Boyd's present petition is patently untimely.

Nevertheless, an untimely PCRA petition may still be considered if one of the three time-for-filing exceptions applies. ***See*** 42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition raising a statutory exception must be filed "within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(3). Here, Boyd asserts that his petition meets the timeliness exception set forth at Section 9545(b)(1)(ii) for newly discovered facts.

The newly discovered fact exception requires a petitioner to plead and prove that "***the facts*** upon which the claim is predicated ***were unknown*** to the petitioner and ***could not have been ascertained by the exercise of due diligence***." 42 Pa.C.S. § 9545(b)(1)(ii) (emphasis added). Importantly, there is a distinction between the newly discovered facts timeliness exception found in Section 9545(b)(1)(ii), and a substantive claim for PCRA relief based upon after-discovered evidence, 42 Pa.C.S. § 9543(a)(2)(vi):

> The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. ***Commonwealth v. Bennett***, 593 Pa. 382, 395, 930 A.2d 1264,

1271 (2007). Due diligence demands that the petitioner take reasonable steps to protect his own interests. ***Commonwealth v. Carr***, 2001 PA Super 54, 768 A.2d 1164, 1168 (Pa.Super. 2001). A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. ***Commonwealth v. Breakiron***, 566 Pa. 323, 330-31, 781 A.2d 94, 98 (2001); ***Commonwealth v. Monaco***, 2010 PA Super 84, 996 A.2d 1076, 1080 (Pa.Super. 2010), *appeal denied*, 610 Pa. 607, 20 A.3d 1210 (2011). This rule is strictly enforced. ***Id***. Additionally, the focus of this exception "is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts." ***Commonwealth v. Marshall***, 596 Pa. 587, 596, 947 A.2d 714, 720 (2008) (emphasis in original).

The timeliness exception set forth at Section 9545(b)(1)(ii) has often mistakenly been referred to as the "after-discovered evidence" exception. ***Bennett, supra*** at 393, 930 A.2d at 1270. "This shorthand reference was a misnomer, since the plain language of subsection (b)(1)(ii) does not require the petitioner to allege and prove a claim of 'after-discovered evidence.'" ***Id***. Rather, as an initial jurisdictional threshold, Section 9545(b)(1)(ii) requires a petitioner to allege and prove that there were facts unknown to him and that he exercised due diligence in discovering those facts. ***See*** 42 Pa.C.S.A. § 9545(b)(1)(ii); ***Bennett, supra***. Once jurisdiction is established, a PCRA petitioner can present a substantive after-discovered-evidence claim. ***See*** 42 Pa.C.S.A. § 9543(a)(2)(vi) (explaining that to be eligible for relief under PCRA, petitioner must plead and prove by preponderance of evidence that conviction or sentence resulted from, *inter alia*, unavailability at time of trial of exculpatory evidence that has subsequently become available and would have changed outcome of trial if it had been introduced). In other words, the "new facts" exception at:

> [S]ubsection (b)(1)(ii) has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) the **facts** upon which the claim was predicated were **unknown** and 2) could not have been ascertained by the exercise of **due diligence**. If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection.

- 7 -

> ***Bennett, supra*** at 395, 930 A.2d at 1272 (internal citations omitted) (emphasis in original). Thus, the "new facts" exception at Section 9545(b)(1)(ii) does not require any merits analysis of an underlying after-discovered-evidence claim. ***Id***. at 395, 930 A.2d at 1271.

***Commonwealth v. Brown***, 111 A.3d 171, 176-77 (Pa. Super. 2015) (some emphasis added).

Here, Boyd argues that the affidavit he submitted from Thomas Easley, the victim of the January 11, 1991, shooting, satisfies the newly discovered facts timeliness exception, and that the PCRA court erred in dismissing his petition without conducting an evidentiary hearing. In the affidavit, dated October 29, 2015, Mr. Easley attests:

> I recall the night of January 11, 1991, when I was shot. The shooting was an "ambush" type situation. I was at the Jeffries residence. I was shot outside, and it was dark out. I was with an individual by the name of Terrell Bush.
>
> When I was questioned by police, I told them that I did not know who shot me. That was true. It was dark out, and I could only vaguely see the individual who shot me.
>
> Later, in 1993, I identified William R. Boyd as the person who shot me. I had been indicted in a separate drug case, and the police pushed me to identify Boyd as my shooter. I testified that it was Boyd who shot me, but this was based on the information I heard the night of the shooting. I did not actually see who shot me, and I truthfully did not know if it was Boyd who shot me or not.
>
> I also testified that my original statements to the police where I said I did not know who shot me, were false. Those statements were actually true.
>
> There were no real issues between Boyd and myself during the time the shooting occurred.

It has been over twenty years since this shooting and subsequent trial, and it has weighed on my mind and conscience that Boyd is incarcerated for something I cannot say that he did. I identified him at the trial as the person who shot me, and that was wrong.

I recently approached a member of Boyd's family regarding this information. I took the initiative. I want to I am willing to testify to this information, should there be a future proceeding.

Boyd's Amended PCRA Petition, 5/18/2016, Exhibit "C" at Exhibit "1"; Boyd's

*pro se* PCRA Petition, 12/3/2015, Exhibit "A".

Boyd averred that he first became aware that Mr. Easley might have information concerning the above-captioned matters on October 9, 2015, when he received a letter from his daughter, and that he learned the substance of Mr. Easley's information on November 3, 2015, when he received Mr. Easley's affidavit. *Boyd's* pro se PCRA petition, 12/3/2015, Exhibit "C" (Boyd Affidavit).[3] Boyd states "he could not have actual **proof** of

_____

[3] Boyd stated in his affidavit:

On October 9, 2015, I receive[d a] letter from daughter which stated Tom approach her and express his knowledge of my innocence. This occurred the first week of October 2015. On November 3, 2015 I received mail from Keri Bozich Investigations, which contained Mr. Easley's affidavit.

Furthermore, Boyd attached to his amended petition witness certifications for himself, Mr. Easley, his daughter, and Ms. Bozich. The witness certification for Ms. Bozich stated:

Ms. Bozich is expected to testify that [Boyd] retained her on or about October 25, 2015, and that she located Thomas Easley ("Mr. Easley") on October 27, 2015. She will further testify that

*(Footnote Continued Next Page)*

Mr. Easley's lies at trial and that Mr. Easley was pressured to provide false testimony by law enforcement after he received his own significant charges until Mr. Easley himself was finally willing to come forward and so admit." Boyd's Amended PCRA Petition, 5/18/2016, at ¶40 (emphasis in original).

Assuming the present petition, filed on December 3, 2015, meets the 60-day requirement of Section 9545(b)(2) because the petition was filed within 60 days of when Boyd received the October 9, 2015, letter from his daughter, we conclude Boyd is entitled to no relief as he has failed to satisfy Section 9545(b)(1)(ii) requirements of new facts and due diligence.

Here, the unknown "fact" alleged by Boyd is Mr. Easley's perjury at Boyd's trial. **See** Boyd's Amended PCRA Petition, 5/18/2016, at ¶33 ("Mr. Boyd recently received information that Mr. Easley, now — more than twenty years after testifying against Mr. Boyd — finally admits that he lied at Mr. Boyd's trial."). However, this "fact" was already known to Boyd. Indeed, in support of his third PCRA petition, Boyd attached the

_(Footnote Continued)_ ——————————

she and Mr. Easley met at a notary on October 29, 2015, at which time Mr. Easley executed the affidavit attached to this certification as Exhibit 1. Ms. Bozich will also explain that she mailed the attached affidavit to [Boyd] on either October 29 or 30, 2015.

Boyd's Amended PCRA Petition, 5/18/2016, Exhibit "F".

2009 affidavit of Terrell Bush, who stated, *inter alia*, "I was aware of the

***lies and perjury of Commonwealth witnesses including but not***

***limited to Tom Easley at Mr. Boyd's trial*** and admit that I failed to

come forward until this time."[4, 5]  As this Court emphasized in ***Brown***, the

_____

[4] Boyd's Amended Petition, 5/18/2016, at ¶35 and Exhibit "D" (Terrell Bush Affidavit, dated 12/22/2009, at ¶15); Boyd's *pro se* PCRA Petition, 12/3/2015, at page 17 and Exhibit "E".

[5] At the evidentiary hearing held on Boyd's third PCRA petition, Terrell Bush testified

> that on January 11, 1991, he drove Tom Easley ("Easley") to the residence of Eric Jeffries, and that as he pulled in to the driveway, three men emerged from the bushes.  One of the three men had a gun and began firing at Easley.  Bush testified that Boyd was neither the man firing the gun nor one of the shooter's two companions.  Bush said that the police subpoenaed him to testify at Boyd's trial and that he was in the courtroom during the trial, but that he was not called to testify because he informed the police that he did not want to be involved.  He said that he made contact with Boyd's family in 2010 and subsequently provided an affidavit indicating that Boyd was not the man who shot Easley on January 11, 1991.

***Commonwealth v. Boyd***, 60 A.3d 557 [1519 WDA 2011, at 10] (Pa. Super. 2012) (unpublished memorandum, at 10).

This Court found that Boyd failed to establish his lack of prior knowledge about Terrell Bush's ability to testify regarding his innocence, and failed to prove he acted with due diligence.  This Court explained Bush "was an obvious, available source of information about the events of January 11, 1991[, in that] Easley testified at trial that Bush drove him to Eric Jeffries' residence and had just gotten out of the car and began to walk up the driveway when shots started to fly in Easley's direction from a gun in Boyd's hand."  ***Id.*** [1519 WDA 2011, at 11–12].  We concluded Bush's affidavit was not newly discovered evidence satisfying the timeliness exception of 42 Pa.C.S. § 9545(b)(1)(ii).  ***Id.*** [1519 WDA 2011, at 12].

focus of the newly discovered facts exception "is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts." **Brown, supra**, 111 A.3d at 176 (quotations omitted). Here, Boyd is proffering a newly willing source for previously known facts.

Furthermore, while Boyd also argues the "new" fact that Mr. Easley "only identified Mr. Boyd after being charged with criminal offenses himself and receiving pressure from law enforcement,"[6] Boyd's counsel highlighted these circumstances to the jury during cross-examination of Mr. Easley. Specifically, Boyd's counsel elicited Mr. Easley's admissions that he had initially told police and the treating physician he did not know who shot him, and that he told police Boyd was the perpetrator on November 16, 1993, when he had a potential, favorable plea agreement for federal drug charges he was then facing. **See** N.T., Vol. I, 4/13-15/1994, at 187, 191-197, 212-213.

Moreover, even if the facts set forth in Mr. Easley's affidavit met the criteria for being newly discovered facts, Boyd has not established that he acted with due diligence in obtaining this affidavit. Boyd's PCRA petition fails to allege any efforts he made to locate or contact Mr. Easley to try to convince him to recant, **even after he obtained Mr. Bush's 2009 affidavit** wherein Mr. Bush stated Mr. Easley had lied at trial. **See**

---

[6] Boyd's Amended Petition, 5/18/2016, at ¶36.

***Commonwealth v. Davis***, 86 A.3d 883, 891 (Pa. Super. 2014) (finding Davis established due diligence where "[a]ttached to his amended PCRA petition, [Davis] proffered affidavits from several friends and family members who claimed that they attempted to locate Watson after [Davis's] trial in order to convince Watson to admit he lied on the stand"); ***but see Commonwealth v. Medina***, 92 A.3d 1210, 1217–1218 (Pa. Super. 2017) (*en banc*) (rejecting Commonwealth's argument that Medina could have discovered recantation evidence through the exercise of due diligence where Medina could have had no way to know of the detective's secret threats that led to the child-witness's testimony), *appeal dismissed*, 140 a.3d 675 (Pa. 2016).

In sum, we conclude that even if Boyd's present petition meets the 60-day requirement of Section 9545(b)(2), Boyd has failed to satisfy the newly discovered fact exception and, consequently, there is no jurisdiction to review this petition on the merits. Accordingly, we affirm the PCRA court's dismissal of the petition without an evidentiary hearing.

Order affirmed.

Judge Moulton joins in this memorandum.

Justice Fitzgerald concurs in the result.

Judgment Entered.

- 13 -

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/7/2017</u>

Joseph D. Seletyn, Esq.
Prothonotary