WILMINGTON GENERAL HOSPITAL ASSOCIATION, a Delaware Corporation, Defendant Below, Appellant, v. ROY E. NICHOLS, Plaintiff Below, Appellee.

(*June* 1, 1965)

WOLCOTT, C. J. and CAREY and HERRMANN, JJ., sitting.

*Rodney M. Layton* and *Max S. Bell, Jr.,* of Richards, Layton & Finger, for appellant.

*Alfred M. Isaacs,* of Flanzer & Isaacs, for appellee.

Supreme Court of the State of Delaware. No. 96, 1964.

CAREY, Justice.

The defendant below has appealed from a judgment entered by the Superior Court in an action for personal injuries allegedly caused by malpractice of a hospital employee. The case was tried without a jury, and resulted in a finding of negligence by the trial Judge, who assessed damages at $20,000. The question involved is whether the record

contains sufficient competent evidence of (1) negligence on the part of defendant's employee, and (2) causal relationship between any such negligence and the injuries.

Appellee now suffers from a permanent foot-drop of the left foot accompanied by calf atrophy which he contends was caused by improper use of a hypodermic needle. He entered appellant's hospital on November 27, 1960 for an emergency stomach operation. After the operation, his surgeon prescribed injections of two kinds of medicine every six hours, one to cut down acid secretions, the other to control infections and inflammation. The injections were given in the buttock. In the morning of December 1st, 1960, a nurse employed by appellant gave appellee the two injections in his left buttock. He testified that in about 3 to 5 minutes he felt a sharp pain down the back of his buttock, down his left leg on the outside, and across the top of his left foot, with a tingling sensation running from his knee down to the end of his toes. The foot-drop allegedly ensued.

Injections are given in the upper-outer quadrant of a buttock to avoid injury to the sciatic nerve, and appellant concedes that it would constitute negligence to give one in a different section. Such injury may cause a foot-drop, although there are other possible causes. In the present case, the trial Judge found that the injections were negligently given outside of the upper-outer quadrant and caused the foot-drop.

The briefs filed here discuss the question of whether res ipsa loquitur is applicable to the case. That doctrine was not relied upon by the trial Judge, who affirmatively found actual negligence, nor was its applicability decided by him. We find it unnecessary to determine this question.

Appellant advances two arguments to justify a reversal. First, it contends that there was no direct evidence that the injections were not given in the proper quadrant, but that any evidence thereof was at most purely circumstantial and is as consistent with absence of negligence as with its existence, wherefore a finding of negligence is not permissible under the rule of *Ciociola v. Delaware Coca-Cola Bottling*

*Co.,* 3 Storey 477, 172 A. 2d 252. The chief difficulty with this argument is that Nichols, while on the stand, pointed to the location of the place where the injections were given and where the pain started. His testimony on this point was direct, not circumstantial, although there was some other circumstantial evidence tending to support it. There was also other evidence tending to support a differecnt conclusion but the trial Judge, who saw the witnesses and heard the testimony, resolved that conflict in appellee's favor. The reporter's record does not disclose the spot to which Nichols pointed but the Judge's written opinion states that it was not in the upper-outer quadrant. It is true that Nichols said he did know the exact or precise point of the injections, but his other testimony shows that his statement meant that he could designate only the approximate area which was, as we have said, outside the proper quadrant. Clearly there is sufficient evidence in the record to sustain the finding of negligence and we decline to reverse that finding. See *Chudnofsky v. Edwards,* Del., 208 A. 2d 516.

█ Appellant's second contention is that there was no competent evidence to sustain the finding that the injections proximately caused the foot-drop. Expert testimony was necessary to establish causation. It was supplied by Dr. Sall. He had examined the plaintiff before trial, and he outlined his findings on the stand. In answer to a hypothetical question posed by plaintiff's counsel, he stated that either or both injections would explain the sequence of events described by the plaintiff. Later, he stated: "We must conclude that the sciatic nerve was damaged at the time of the injection".

█ Appellant contends, however, that Dr. Sall's stated opinion should be ignored because the hypothetical question on which that opinion was based did not include three material facts, to wit: (1) the interval of time between the injections and the onset of pain; (2) the presence of an ankle jerk on December 8, 1960; (3) the existence of calf atrophy on the same date. As to the first item, we observe that the interval of time was expressly included. As to the second item, the significance of the presence of an ankle jerk would be to show that there was no damage to the tibial nerve; as the Court below pointed

out, Dr. Sall never said that that nerve was affected on December 8th. As to the third item, the significance of the presence of calf atrophy would be to show that the foot-drop existed at least two weeks before December 8th, 1960; if the trial Judge considered this point at all he doubtless felt that it was of little importance in view of the otherwise uncontradicted testimony that there was no foot-drop prior to December 1st.

Although the omission of the two facts mentioned above appears to be of doubtful importance, we prefer not to rest our conclusion upon that ground, but upon the basis that the present contention was never made in the Court below. No objection was offered to the question at the trial, when the whole matter could have been clarified had it been raised, nor were any questions asked of Dr. Sall in cross-examination. The point was not mentioned in any of the four post-trial briefs filed by appellant with the trial Judge. It was in fact raised for the first time in this Court. It thus comes too late. See *Phila. & R. Ry. Co. v. Green & Flinn, Inc.*, 2 W. W. Harr. 78, 119 A. 840.

The judgment below must be affirmed.