# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

SAMUEL C. WATTS, :

      Claimant-Below/Appellant, :    C.A. No. K18A-07-001 JJC
:    In and for Kent County
  v. :

KRAFT HEINZ FOODS, and :
UNEMPLOYMENT INSURANCE :
APPEAL BOARD, :

      Employer-Below/Appellee. :

## ORDER

Submitted: October 3, 2018
Decided: November 19, 2018

*Upon Consideration of Appellant's Appeal from the Decision of the*
*Unemployment Insurance Appeal Board -* **AFFIRMED**

**AND NOW TO WIT,** this 19th day of November, 2018, upon consideration of the record and the briefing by the parties, **IT APPEARS THAT:**

1. Before the Court is Mr. Samuel Watts's (hereinafter "Mr. Watts") appeal from the decision of the Unemployment Insurance Appeal Board (hereinafter "the UIAB" or "the Board"). The Board found in favor of his previous employer, Kraft Heinz Foods (hereinafter "Kraft"). Namely, it found Kraft had just cause to terminate Mr. Watts. He now appeals the Board's decision.

2. Kraft employed Mr. Watts as a production worker from April 20, 2015, until January 8, 2018. Kraft's attendance policy provides for an assessment of points for unexcused absences. These points remain on the employees' record for one year. The policy further provides for a discharge of an employee after the employee accumulates nine points for unexcused absences. The record establishes that Mr. Watts knew of the policy and signed a copy of it on April 22, 2015.

3. As of November 22, 2017, Mr. Watts had accumulated eight points because of attendance violations. As a result, Kraft suspended him on December 12, 2017. These eight points did not include a point for a December 5, 2017 absence. After including that point, Kraft discharged Mr. Watts on January 8, 2018 for accumulating nine points. Mr. Watts then applied for unemployment benefits. In response, Kraft asserted that his termination was for "just cause" and that he was ineligible for unemployment benefits.

4. The UIAB held a hearing in this case on May 16, 2018. The UIAB hearing followed the March 27, 2018, hearing of an appeals referee that in turn affirmed the determination of a claims deputy. Both the appeals referee and the claims deputy held that Mr. Watts was disqualified from receiving unemployment benefits because he was terminated for just cause.

5. In considering Mr. Watts's appeal from the appeals referee's decision, the Board heard Mr. Watts's testimony at its hearing. Mr. Watts disagreed with the appeals referee's decision because he believed that the referee did not consider the timing of the points allocation. Mr. Watts complained that a time lag in assessing the points made him unaware that he had accumulated eight points until he was suspended. Furthermore, he complained that after he was suspended, the time lag in assessing points, which by then included a December 5, 2017, absence, brought him to the nine point threshold. He claimed that if he knew he had accrued eight points before December 5, 2017, he would not have called out on that day.

6. After considering the evidence, the Board found that Kraft had just cause to terminate Mr. Watts. The Board found unpersuasive Mr. Watts's argument that had he been aware that he had accumulated eight points as of the prior month, he would have chosen not to miss work on December 5, 2017. The Board determined that the responsibility to monitor point accumulation rested solely with Mr. Watts. Mr. Watts did not contest that he rightfully accumulated nine points; he disputed

2

only his notice of them. The fact that Mr. Watts unwittingly accumulated his ninth point did not excuse his absence in the eyes of the Board. After the Board found just cause, Mr. Watts filed a notice of appeal and then filed a written brief.

7. As with appeals from other administrative agencies, this Court's appellate review of the UIAB's factual findings is limited to determining whether the Board's decision was supported by substantial evidence.[1] Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[2] On appeal, the Court views the facts in the light most favorable to the prevailing party below.[3] Moreover, the Court does not weigh the evidence, determine questions of credibility, or make its own factual findings.[4] Absent any errors of law, which are reviewed *de novo*, a decision of the IAB supported by substantial evidence will be upheld unless the Board abused its discretion.[5] The Board abuses its discretion when its decision exceeds the bounds of reason in view of the circumstances.[6]

8. Here, the Court finds no error of law in the Board's decision. The Delaware Code provides that an individual shall be disqualified for benefits if they are terminated for "just cause."[7] Employers bear the burden of showing by a preponderance of the evidence that a claimant was discharged for "just cause" in connection with his or her work.[8] "Just cause" includes a "willful or wanton act or

---

[1] *Bullock v. K-Mart Corp.*, 1995 WL 339025, at *2 (Del. Super. May 5, 1995) (citing *General Motors v. Freeman*, 164 A.2d 610, 686 (Del. 1960)).
[2] *Olney v. Cooch*, 425 A.2d 610, 614 (Del. 1981) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)).
[3] *Chudnofsky v. Edwards*, 208 A.2d 516, 518 (Del. 1965).
[4] *Bullock*, 1995 WL 339025, at *2 (citing *Johnson v. Chrysler Corp.*, 213 A.2d 64, 66 (Del. 1965)).
[5] *Hoffecker v. Lexus of Wilmington*, 2012 WL 341714, at *1 (Del. Feb. 1, 2012).
[6] *Id.*
[7] 19 *Del. C.* § 3314(2) (providing that "[a]n individual shall be disqualified for benefits … [f]or the week in which the individual was discharged from the individual's work for just cause in connection with the individual's work …").
[8] *Wilson v. Unemployment Ins. Appeal Bd.*, 2011 WL 3243366, at *2 (Del. Super. Jul. 27, 2011).

pattern of conduct in violation of the employer's interest, the employee's duties, or the employee's expected standard of conduct."[9] Willful or wanton conduct is conduct "evidenced by either conscious action, or reckless indifference leading to a deviation from established and acceptable workplace performance; it is unnecessary that it be founded in bad motive or malice."[10] An employee's conduct is highly relevant in determining just cause.[11]

9. An employer necessarily establishes the standard for acceptable workplace conduct and performance.[12] The violation of a reasonable company rule "may constitute just cause for discharge if the employee is aware of the policy and possible subsequent termination" for violating such a rule.[13] There is a two-part analysis to evaluate just cause in the context of termination for violation of company rules. This analysis includes: (1) determining whether a policy existed, and if so, what conduct was prohibited; and (2) determining whether the employee was appraised of the policy, and if so, how she or he was made aware of it.[14] A written policy may be sufficient, but is not necessary, to show that an employee had knowledge of the policy.[15] The most important question remains whether the employer "clearly communicated to the employee what was expected of him or her."[16]

10. The Board correctly applied the test, and its findings regarding the two prongs were supported by substantial evidence of record. First, the record demonstrates that Kraft had a termination policy that outlined acceptable conduct

---

[9] *Majaya v. Sojourners' Place*, 2003 WL 21350542, at *4 (Del. Super. Jun. 6, 2003).

[10] *MPRC Fin. Mgmt., LLC v. Carter*, 2003 WL 21517977, at *4 (Del. Super. Jun. 20, 2003).

[11] *Id.*

[12] *Id.*

[13] *Wilson*, 2011 WL 3243366, at *2.

[14] *Id.*

[15] *Id.*

[16] *Wesley Coll. v. Unemployment Ins. Appeal Bd.*, 2009 WL 5191831, at *7 (Del. Super. Dec. 31, 2009).

for its employees based on their absences. If the employees violated this policy and accumulated nine points for misconduct, they would be terminated. Under the second prong, the record also established that Mr. Watts was aware of this policy. He signed a copy of this policy and admitted during his testimony that he was aware of it and understood it.

11. Furthermore, Mr. Watts did not challenge the allocation of the points for his absence and admits that the points were rightfully assessed. Instead, he merely challenged the timing of their assessment. He argued that if he had known he had accrued eight points before December 5 when he received his last point, he would not have missed work. The Board did not err in rejecting his argument. The Board found that it was Mr. Watts's unjustified failure to monitor the accumulation of his points that was to blame. If there was uncertainty about the number of points he had accumulated, he could have followed up with his supervisor to determine how many points he had accumulated. Accordingly, the Court finds that the Board's finding that Kraft had just cause to terminate Mr. Watts was supported by substantial evidence and free from legal error.

**NOW THEREFORE**, for the reasons cited, the Board's decision in this matter is **AFFIRMED**.

**IT IS SO ORDERED**.

/s/ Jeffrey J Clark

JJC/dsc