**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STANLEY F. JURACKA | : | |
| | : | |
| Appellant, | : | C.A. No. K18A-10-001 JJC |
| | : | In and for Kent County |
| v. | : | |
| | : | |
| UNEMPLOYMENT INSURANCE | : | |
| APPEAL BOARD, | : | |
| | : | |
| Appellee. | : | |

## ORDER

Submitted: April 1, 2019
Decided: April 11, 2019

*Upon Consideration of Appellant's Appeal from the Decision of the Unemployment Insurance Appeal Board* **- AFFIRMED**

On this 11th day of April, 2019, having considered the briefs and the record in this case, it appears that:

1. Appellant Stanley F. Juracka (hereinafter "Mr. Juracka") appeals a decision from an Unemployment Insurance Appeal Board's (hereinafter "UIAB") finding that he fraudulently collected unemployment benefits, and the UIAB's order that he repay $1,650.

2. Mr. Juracka filed for unemployment on December 4, 2016, and then received weekly benefits of $330. After a wage audit investigation, the Delaware Division of Unemployment Insurance ("the Division") found that Mr. Juracka underreported the wages paid to him by his employer while he received benefits.

3. On March 26, 2018, a Division claims deputy found Mr. Juracka to be disqualified pursuant to 19 *Del. C.* § 3314(6) from receiving benefits for one year from the week ending July 15, 2017, through the week ending July 14, 2018. The claims

deputy found that Mr. Juracka knowingly failed to disclose a material fact to unlawfully obtain benefits. The record supports that the claims deputy mailed Mr. Juracka a copy of the disqualification determination on March 26, 2018. He did not appeal the disqualification determination and it became final on April 5, 2018.

4. After the *disqualification* decision became final, the Division began separate administrative proceedings to establish the *overpayment* amounts and to recoup them.[1] After a hearing on June 25, 2018, a Division claims deputy issued an overpayment determination in accordance with 19 *Del. C.* § 3325 and ordered Mr. Juracka to repay $1,650.[2]

5. After a hearing on September 18, 2018, a Division appeals referee issued her decision affirming the claims deputy's decision. Because Mr. Juracka had not appealed the earlier decision that he was disqualified for benefits for the entire relevant year, the appeals referee limited her decision to calculating the amount of repayment owed for the five weeks at issue. She found Mr. Juracka liable to repay $1,650 in benefits paid to him between July 15, 2017, and December 9, 2017. Mr. Juracka appealed the appeal's referee's decision to the UIAB, and the UIAB affirmed her decision. His appeal to this Court followed.

6. Mr. Juracka primarily contests the UIAB's finding that he was disqualified for benefits during the relevant time. As a result, he also appeals the UIAB's overpayment determination. In his letter brief, he argues that he followed all applicable rules and that the appeals referee erred in ordering a repayment. In essence, Mr.

---

[1] *See Bradfield v. UIAB*, 53 A.3d 301, 2012 WL 3776670, at *2 (Del. Aug. 31, 2012) (TABLE) (recognizing the statutorily provided two-part process that permits a hearing regarding initial disqualification, followed by a separate hearing to determine the amount of any overpayment for purposes of recoupment).

[2] The record contains materials relevant to Case Number 61087519. That case involves this $1,650 ordered repayment. The record also demonstrates that the Division ordered Mr. Juracka to repay an additional $3,600 in two other cases. He only appealed Case Number 61087519 to the UIAB, and then that same case to this Court. Accordingly, the Court's Order does not address those additional cases because they are not subject to appeal.

2

Juracka attempts to challenge the merits of the earlier decision that he was disqualified for benefits.

7. This Court's appellate review of the UIAB's factual findings is limited to determining whether the Board's decision was supported by substantial evidence and whether it committed an error of law.[3] Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[4] On appeal, the Court views the facts in the light most favorable to the prevailing party below.[5] Moreover, the Court does not weigh the evidence, determine questions of credibility, or make its own factual findings.[6] Absent errors of law, which are reviewed *de novo*, a decision of the UIAB supported by substantial evidence will be upheld unless the Board abused its discretion.[7] The Board abuses its discretion when its decision exceeds the bounds of reason in view of the circumstances.[8]

8. Section 3318(b) of Title 19 of the Delaware Code provides that a claims deputy's determination becomes final unless a claimant for unemployment benefits appeals the determination within ten calendar days from when the decision was "mailed to the last know addresses of the claimant and the last employer."[9] The Board may consider an untimely appeal only if "the lateness of the filing can be traced back to an error of the UIAB, or 'in those cases where the interests of justice would not be served by inaction.'"[10]

---

[3] *Bullock v. K-Mart Corp.*, 1995 WL 339025, at *2 (Del. Super. May 5, 1995) (citing *General Motors v. Freeman*, 164 A.2d 686, 688 (Del. 1960)).

[4] *Olney v. Cooch*, 425 A.2d 610, 614 (Del. 1981) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)).

[5] *Chudnofsky v. Edwards*, 208 A.2d 516, 518 (Del. 1965).

[6] *Bullock*, 1995 WL 339025, at *2 (citing *Johnson v. Chrysler Corp.*, 213 A.2d 64, 66 (Del. 1965)).

[7] *Hoffecker v. Lexus of Wilmington*, 2012 WL 341714, at *1 (Del. Feb. 1, 2012).

[8] *Id*.

[9] 19 *Del. C.* § 3318(b).

[10] *Powell v. UIAB*, 2013 WL 3834045, at *2 (Del. Super. Jul 23, 2013) (citing *Funk v. UIAB*, 591 A.2d 222, 225 (Del. 1991)).

9. In this case, the record includes an affidavit of mailing demonstrating that the claims deputy mailed the relevant disqualification decision to Mr. Juracka on March 26, 2018. In his Superior Court appeal, Mr. Juracka does not address timeliness or request an excusal for missing the appeal timeline. Nevertheless, the appeals referee transcript, relied upon by the UIAB, demonstrates that Mr. Juracka claimed during the later appeals referee hearing of September 18, 2018 that he did not receive the earlier decision regarding *disqualification*.

10. There is a presumption in Delaware that "a mailing with a proper address and postage has been received by the intended claimant."[11] Mr. Juracka does not allege in this appeal that Division employees made a mistake or that they did not mail the notice to his correct address of record. To the contrary, the record contains substantial evidence demonstrating that the claims deputy mailed the disqualification determination to Mr. Juracka at the same address used to contact him throughout the proceedings below. Likewise, it mailed the disqualification determination to him at the same address he provided this Court during his present appeal.

11. The Court can only consider issues properly preserved for review from a UIAB decision. The time for filing an appeal is an express statutory condition of jurisdiction that is both mandatory and dispositive.[12] The Court's appellate jurisdiction is not invoked "unless an appeal is perfected within the time period fixed by law."[13] An affidavit of mailing, absent any explanation by the claimant supporting non-delivery, constitutes substantial evidence of notice. Given legally sufficient notice to Mr. Juracka, the UIAB did not commit legal error by recognizing that Mr. Juracka had been previously disqualified from receiving benefits during the period relevant to this appeal. [14]

---

[11] *Lively v. Dover Wipes Co.*, 2003 WL 21213415, at *1 (Del. Super. May 16, 2003).

[12] *Duncan v. Delaware Dep't of Labor*, 2002 WL 31160324, at *2 (Del. Super. Sep. 10, 2002).

[13] *Id.*

[14] *See id.*(explaining that because the plaintiff did not timely appeal the merits of his claim, the Superior Court could not consider any of the arguments about the merits of the disqualification claim).

12. The Court recognizes that Mr. Juracka appealed the UIAB's decision *pro se*. In *pro se* cases, courts and administrative agencies interpret a *pro se* litigant's filings, pleadings and appeals "in a favorable light to alleviate the technical inaccuracies typical in many *pro se* legal arguments."[15] However, barring extraordinary circumstances, "procedural requirements are not relaxed for any type of litigant."[16] Because the timely filing of an appeal is a procedural matter, made mandatory and jurisdictional by state statute, a claimant must abide by the deadlines set.

13. On balance, the Court may only consider the merits of the overpayment determination that was timely appealed. Specifically, the Court may only consider: (1) whether the overpayment notice required by 19 *Del. C.* § 3325 was sent to Mr. Juracka and (2) whether the amount of the overpayment is accurate.[17] The record contains substantial evidence of both. In addition to his undisputed notice regarding the Division's recoupment request, there is substantial evidence regarding the amount of overpaid benefits. As a consequence, the UIAB's decision is supported by substantial evidence and free of legal error.

**NOW THEREFORE**, in the light of the clear evidence of record justifying the UIAB's decision, as well as the absence of any error of law, the decision of the UIAB is **AFFIRMED**.

**IT IS SO ORDERED.**

/s/Jeffrey J Clark
Judge

---

[15] *McGonigle v. George H. Burns, Inc.*, 2001 WL 1079036, at *2 (Del. Super. Sep. 4, 2001).
[16] *Id*.
[17] *Starcks v. UIAB*, 2013 WL 4848101, at *5 (Del. Super. Jul. 30, 2013).