# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

GENESIS HEALTHCARE
SERVICES,

        Appellant,

        v.

OTASIA CEPHAS,

        Appellee.

:
:
:
:
:
:
:
:
:
:
:
:

K20A-04-003 JJC

Submitted: July 19, 2021
Decided: July 28, 2021

## ORDER

*Upon Consideration After Remand of an Appeal from the Industrial Accident Board:  AFFIRMED*

**AND NOW TO WIT,** this 28th day of July 2021, after considering the record, the briefing and supplemental written submissions of the parties, and the Industrial Accident Board's decision after remand, **IT APPEARS THAT**:

1. Appellant Genesis Healthcare Corp. ("Genesis") appeals the Industrial Accident Board's (the "Board" or "IAB") decision granting Appellee Otasia Cephas' petition for additional compensation due.  In 2008, Ms. Cephas suffered an undisputedly compensable low back injury while working for Genesis.  Thereafter, she incurred a significant amount of medical bills which Genesis paid.  Those bills included charges by Dr. Scott Roberts incurred from 2013 through 2016.  They also included the bill for a compensable 2016 low back surgery.  After that surgery, Ms.

Cephas stopped treating for a time. She then resumed treatment with Dr. Roberts and incurred additional bills (hereinafter the "post-2016 bills"). Genesis paid a portion of the post-2016 bills and related medicine and facility charges. At some point, however, Genesis stopped paying Dr. Roberts' post-2016 bills. Those are the bills at issue in this appeal.

2.  Ms. Cephas filed a petition to determine additional compensation due with the IAB. The Board held a hearing on February 26, 2020. In a March 2020 decision, the IAB ordered Genesis to pay for Dr. Roberts' continuing treatment. When doing so, it found that when Genesis paid a portion of the post-2016 bills, it did *not* make a mistake or do so gratuitously.[1] Rather, it found that Genesis' partial payments demonstrated that Genesis accepted responsibility to pay all of Dr. Roberts' bills.[2] As a result, the Board found Dr. Roberts' treatment to be "reasonable and necessary and related to Ms. Cephas' February 2008 work accident."[3]

3.  The Board's written decision, however, was unclear in one respect. The Court could not determine whether the unclarity arose from (1) a typographical error or (2) the IAB's misunderstanding as to the applicable standard. Namely, the IAB's decision provided: "*[t]here is no evidence that [Genesis's] partial payments* of Dr. Roberts' treatment was simple inadvertence *or was made under a feeling of compulsion.*"[4]

4.  After considering Genesis' appeal, the Court issued a March 12, 2021 decision. The Court remanded the matter to the IAB and requested that it clarify its decision.[5] The Court also discussed the relevant evidence of record and

---

[1] *Cephas v. Genesis Health Care Services*, No. 1316891, at *12 (Del. IAB March 11, 2020).
[2] *Id.*
[3] *Id.* at 10
[4] *Id.* at 12 (emphasis added).
[5] *Genesis Healthcare Services v. Cephas*, 2021 WL 944217, at *4 (Del. Super. Ct. Mar. 12, 2021).

controlling caselaw.[6]  As the Court explained, an implied agreement to pay may constitute substantial evidence of compensability *only* if the payment was made "under a feeling of compulsion."[7]  Because the Board wrote that that there was no such feeling, but then made findings consistent with compulsion, the Court requested the clarification.[8]

5. On remand, the IAB issued a supplemental order and clarified its findings.[9]  When doing so, it explained that, based upon the evidence presented, Genesis' partial payment of the post-2016 bills was neither inadvertent nor gratuitous.[10]  Rather, the Board explained that due to a typographical error, its original order did not accurately reflect its finding that Genesis paid a portion of Dr. Roberts' bills under a feeling of compulsion.[11]  The Board then reiterated its finding that Genesis impliedly accepted responsibility to pay the remaining bills.[12]

6. During the remand, the Court had retained jurisdiction.  After the Board issued its decision, the parties filed supplemental letter arguments.  In Genesis' submission, it argues that notwithstanding the Board's finding of compulsion, there was insufficient evidence of record to support such a finding.[13]  On the other hand,

---

[6] *Id*. at *2-3

[7] *Id*. (citing *Andreason v. Royal Pest Control*, 72 A.3d 115, 119 (Del. Aug. 14, 2013)).  In the Court's decision of March 12, 2021, it more fully discussed the Delaware case law that culminated in the Supreme Court's recognition of the "feeling of compulsion doctrine."  That creates a benchmark for what constitutes credible evidence of acceptance of responsibility based upon part-payment of benefits.  That substantive-evidence litmus test permits the IAB to find an implied agreement to pay *only* if the employer or carrier made the partial payment under a feeling of compulsion.  *Andreason*, 72 A.3d at 119.

[8] *Cephas*, 2021 WL 944217, at *4.

[9] *Cephas v. Genesis Health Care Services*, No. 1316891 (Del. IAB June 22, 2020).

[10] *Id*.

[11] *Id*.

[12] *Id*.

[13] Genesis Healthcare Services Supp. Argument Ltr., Jul. 15, 2021.

Ms. Cephas argues that the Board recognized the proper standard and applied it when it found the balance of Dr. Roberts' bills to be compensable.

7. This Court's appellate review of the IAB's factual findings is limited to determining whether the Board's decision is supported by substantial evidence and is free from legal error.[14] Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[15] In administrative appeals, the Court views the facts in the light most favorable to the prevailing party below.[16] When doing so, the Court does not weigh the evidence, determine questions of credibility or make its own factual findings.[17] Absent an error of law, which would be reviewed *de novo*, a decision of the IAB supported by substantial evidence will be upheld unless the Board abused its discretion.[18] The Board abuses its discretion when its decision exceeds the bounds of reason in view of the circumstances.[19]

8. As the Court explained in its prior Order, if an employer or carrier pays bills under a feeling of compulsion, the IAB may consider those payments sufficient to demonstrate that the employer or carrier accepted responsibility to continue to pay similar bills.[20] In this case, the Board served as the finder of fact and is due considerable deference on appeal. In the light of this deference, the record contains substantial evidence to support that Genesis paid the bills under a feeling of

---

[14] *Bullock v. K-Mart Corp.*, 1995 WL 339025, at *2 (Del. Super. Ct. May 5, 1995) (citing *General Motors v. Freeman*, 164 A.2d 686, 688 (Del. 1960)).
[15] *Olney v. Cooch*, 425 A.2d 610, 614 (Del. 1981) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)).
[16] *Chudnofsky v. Edwards*, 208 A.2d 516, 518 (Del. 1965) (citing *Turner v. Vineyard*, 80 A.2d 177, 179 (Del. 1951)).
[17] *Bullock*, 1995 WL 339025, at *2 (citing *Johnson v. Chrysler Corp.*, 213 A.2d 64, 66-67 (Del. 1965)).
[18] *Hoffecker v. Lexus of Wilmington*, 2012 WL 341714, at *1 (Del. Feb. 1, 2012) (citation omitted).
[19] *Id.*
[20] *Cephas*, 2021 WL 944217, at *4.

compulsion. Namely, Genesis paid many of the post-2016 bills for a variety of treatments including injections, clinical visits, and facility fees. Based upon the circumstances, the Board permissibly inferred Genesis' state of mind to be one of a feeling of compulsion.[21] Given such finding, the Board was likewise free to infer that Genesis impliedly agreed to compensate Ms. Cephas for Dr. Roberts' unpaid bills.[22]

9. Furthermore, other evidence of record supports the Board's decision. Namely, Ms. Cephas suffered an undisputed low back work injury in 2008 that required a 2016 disc-replacement surgery.[23] Dr. Roberts' pre-2016 treatment and post-2016 treatment addressed her low back pain. Furthermore, Ms. Cephas testified that she could perform all required nursing assistant duties before her 2008 injury. She testified at the hearing, however, that she has not been able to function at that level since the 2008 injury.[24] Finally, the Board also found credible her testimony that she had no further intervening injury between 2008 and the time of her IAB hearing, February 26, 2020. Those additional facts, in combination with the Board's finding that Genesis paid a significant portion of the post-2016 bills under a feeling of compulsion, provided substantial evidence to support the Board's decision.

**WHEREFORE**, for the reasons discussed, and for those reasons set forth in

---

[21] *See Moyer v. Am. Zurich Ins. Co.*, 2021 WL 1663578, at *5 (Del. Super. Apr. 28, 2021) (citing Del. Super. Crim. P.J.I. 2.5 (2015) that instructs juries, as the finders of fact, that "[i]t is of course difficult to know what is going on in another person's mind. Therefore, you are permitted to draw an inference, or in other words, reach a conclusion about a defendant's state of mind from the facts and circumstances. In reaching this conclusion, you may consider whether a reasonable person acting in the defendant's circumstances would have or would not have had the requisite state of mind."). Determining whether Genesis paid the bills under a feeling of compulsion required the IAB, as the finder of fact, to determine Genesis' state of mind. In this regard, the Board's role is no different than that of a jury in a criminal or civil case that may make such an inference.
[22] *Andreason*, 72 A.3d at 123-24.
[23] *IAB Order*, No. 1316891, at *10.
[24] Id. at *9.

5

the Court's decision of March 12, 2021, the record contains substantial evidence to support the Board's decision. Because the IAB did not otherwise commit an error of law or abuse its discretion, its decision must be **AFFIRMED**.

**IT IS SO ORDERED.**

/s/Jeffrey J Clark
Resident Judge

cc:    Nancy Chrissinger Cobb, Esquire
       Walt Schmittinger, Esquire
       Industrial Accident Board
       Prothonotary

6